ZACHARY T. CARLYLE
CarlyleZ@sec.gov
SECURITIES AND EXCHANGE COMMISSION
Byron G. Rogers Federal Building
1961 Stout Street, Suite 1700
Denver, Colorado 80294-1961
Telephone:   (303) 844-1000
Facsimile:    (303) 297-3529

LOCAL COUNSEL:
David J. VanHavermaat, Cal. Bar No. 175761
VanhavermaatD@sec.gov
SECURITIES AND EXCHANGE COMMISSION
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone:   (323) 965-3998
Facsimile:    (213) 443-1904

Attorneys for Plaintiff
Securities and Exchange Commission

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                 Plaintiff,<br><br>    vs.<br><br>ROBERT YANG,<br>CLAUDIA KANO,<br>SUNCOR FONTANA, LLC,<br>SUNCOR HESPERIA, LLC, AND<br>SUNCOR CARE LYNWOOD, LLC<br>              Defendants,<br><br>AND<br><br>YANROB'S MEDICAL, INC.,<br>HEALTHPRO CAPITAL PARTNERS, LLC,<br>AND SUNCOR CARE, INC.<br>           Relief Defendants. | Case No.<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

1      Plaintiff Securities and Exchange Commission (the "Commission") for its

2   complaint alleges as follows:

3                        **JURISDICTION AND VENUE**

4      1.      The Commission brings this action pursuant to the authority conferred

5   upon it by Sections 20(b) and (d) of the Securities Act [15 U.S.C. §§ 77t(b) and

6   77t(d)] and Sections 21(d) and (e) of the Exchange Act [15 U.S.C. §§ 78u(d) and

7   78u(e)].  Defendants, directly or indirectly, made use of the means or instruments of

8   transportation or communication in interstate commerce, the means and

9   instrumentalities of interstate commerce, or of the mails, in connection with the acts,

10  practices, and courses of business set forth in this Complaint.

11     2.      This Court has jurisdiction over this action pursuant to Section 22(a) of

12  the Securities Act [15 U.S.C. § 77v(a)], Section 27 of the Exchange Act [15 U.S.C. §

13  78aa], and 28 U.S.C. § 1331.  Venue lies in this Court pursuant to Section 22(a) of

14  the Securities Act [15 U.S.C. § 77v(a)] and Section 27 of the Exchange Act [15

15  U.S.C. § 78aa].  Defendants reside in this judicial district, all of the Suncor entity

16  Defendants and Relief Defendants are California entities, and certain of the acts,

17  practices, transactions, and courses of business alleged in this Complaint occurred

18  within the Central District of California.

19                              **SUMMARY**

20     3.      This case involves fraudulent misrepresentations and a fraudulent

21  scheme in connection with raising money from Chinese investors seeking to obtain

22  United States visas through the EB-5 program.  The EB-5 program is a federal

23  program that enables foreigners to obtain a U.S. visa by making investments in the

24  U.S.  Specifically, the EB-5 program requires foreigners seeking a visa under the

25  program to make an investment of at least $1 million (or at least $500,000 in an area

26  designated as rural or high unemployment), and create or preserve at least ten jobs for

27  U.S. workers.

28

4.      From September 2012 through at least early 2014, Robert Yang and Claudia Kano, through their affiliated entities (Suncor Fontana, LLC, Suncor Hesperia, LLC, and Suncor Care Lynwood, LLC, collectively the "Suncor entities"), raised $20 million from 40 investors located in China who sought to participate in the EB-5 program.  Yang and Kano raised the funds through three fraudulent securities offerings, one in the name of each of the Suncor entities, ostensibly for the development of three medical facilities located in Fontana, Hesperia, and Lynwood, California.

5.      In each of the offerings, Yang, Kano, Suncor Fontana, LLC, Suncor Hesperia, LLC, and Suncor Care Lynwood, LLC (collectively the "Defendants") made repeated statements in the offering documents indicating that investor funds would "**only**" be used to develop the specific medical facility project in which they invested.

6.      These statements were false.  Yang and Kano engaged in a scheme to misappropriate, divert, and misuse at least $10 million of investor funds.  Yang and Kano repeatedly siphoned off investor funds for Yang's personal benefit, to pay an undisclosed 18% fee to a finder, and to pay for expenses of other projects in which the investors have no interest.  There is an ongoing risk that Defendants will further misappropriate or dissipate investor funds or dissipate assets purchased using investor funds.

7.      Yang and Kano also misrepresented to investors that their securities offerings were "structured to maximize" the prospects that their investments would qualify for the EB-5 program.  In fact, their misappropriation and misuse of investor funds rendered the investments ineligible for the EB-5 program, which requires that applicants demonstrate that all of their funds are made available to the business most closely responsible for creating the jobs underlying their EB-5 applications.  The Defendants' false and misleading offering documents, which state that all investor funds will be used for the specific projects, were submitted to the United States

Citizenship and Immigration Service ("USCIS"), the agency responsible for administering the EB-5 program, in support of the Suncor investor EB-5 applications.

8.      The Suncor projects are years behind schedule.  For the Suncor Fontana and Hesperia projects, which were marketed beginning in September 2012, the offering documents represented that construction was "well under way" with projected completion dates of September 2012 and September 2013, respectively. The Suncor Lynwood project, which was marketed beginning in July 2013, projected a completion date of February 2014.  As of today, none of the projects is operational and they may never be completed.

9.      As a result of the conduct described in the Complaint, Defendants have violated Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act" ) [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5] thereunder, and unless restrained and enjoined will engage in future violations of these provisions.  In the alternative, Yang and Kano aided and abetted the Securities Act Section 17(a) and Exchange Act Section 10(b) and Rule 10b-5 violations of the Defendant Suncor entities, or are liable as control persons under Section 20(a) of the Exchange Act [15 U.S.C. § 78t(a)], for the Exchange Act Section 10(b) and Rule 10b-5 violations of the Defendant Suncor entities and, unless restrained and enjoined, will engage in future violations of the federal securities laws

10.      The Commission seeks an order restraining and enjoining Defendants from violating the federal securities laws and regulations, requiring Defendants to perform an accounting, disgorge ill-gotten gains plus prejudgment interest, pay civil penalties, and granting such other relief as is necessary and appropriate.

## DEFENDANTS

11.      **Robert Yang**, age 45 of Redlands, California, is the Owner/President of the Defendant Suncor entities and relief defendants Suncor Fontana, LLC, Suncor Hesperia, LLC, Suncor Care Lynwood, LLC, Yanrob's Medical, Inc., HealthPro

Capital Partners, LLC, and Suncor Care, Inc.  Yang is licensed to practice medicine in California and owns his own medical practice specializing in geriatric care.

12.  **Claudia Kano**, age 45 of Pomona, California acts as the Senior Vice President and/or Manager of the Defendant Suncor entities and relief defendants Suncor Fontana, LLC, Suncor Hesperia, LLC, Suncor Care Lynwood, LLC and is responsible for their day-to-day operations.  Kano also serves as the administrative manager of Yang's medical practice.

13.  **Suncor Fontana, LLC** ("Suncor Fontana") is a California limited liability company formed in 2012, with its principal place of business in San Bernardino, California, to develop a sub-acute nursing care facility in Fontana, California.  Suncor Fontana is the issuer of securities in the form of limited liability company membership interests purchased by investors seeking to qualify for the EB-5 program.  At all relevant times, Yang and Kano have exercised control over the management, general operations, and policies of Suncor Fontana, as well as the activities upon which Suncor Fontana's violations of the federal securities laws are based.

14.  **Suncor Hesperia, LLC** ("Suncor Hesperia") is a California limited liability company formed in 2012 with its principal place of business in San Bernardino, California, to develop a sub-acute nursing care facility in Hesperia, California.  Suncor Hesperia is the issuer of securities in the form of limited liability company membership interests purchased by investors seeking to qualify for the EB-5 program.  At all relevant times, Yang and Kano have exercised control over the management, general operations, and policies of Suncor Hesperia, as well as the activities upon which Suncor Hesperia's violations of the federal securities laws are based.

15.  **Suncor Care Lynwood, LLC (aka Suncor Lynwood, LLC)** ("Suncor Lynwood") is a California limited liability company formed in 2013 with its principal place of business in San Bernardino, California, to develop a sub-acute nursing care

facility in Lynwood, California. Suncor Lynwood is the issuer of securities in the form of limited liability company membership interests purchased by investors seeking to qualify for the EB-5 program. At all relevant times, Yang and Kano have exercised control over the management, general operations, and policies of Suncor Lynwood, as well as the activities upon which Suncor Lynwood's violations of the federal securities laws are based.

## RELIEF DEFENDANTS

16. **Yanrob's Medical, Inc.** is a California corporation formed in 2002. Yang runs his personal medical practice through Yanrob. Suncor Hesperia and Suncor Lynwood investor funds were transferred to bank accounts in the name of Yanrob and used for a variety of purposes, including to pay Yang's personal expenses and to make payments related to the purchase and renovation of an office building used for Yang's medical practice. At all relevant times, Yang and Kano have exercised control over the management, general operations, and policies of Yanrob.

17. **HealthPro Capital Partners, LLC** is a California limited liability company formed in 2009 with its principal place of business in San Bernardino, California. HealthPro is the obligor on a construction loan taken out by Yang in February 2012 to develop the Suncor Fontana project. Bank accounts in the name of HealthPro received at least $128,000 of Suncor Lynwood investor funds that were used to make payments on the Suncor Fontana construction loan. At all relevant times, Yang and Kano have exercised control over the management, general operations, and policies of HealthPro.

18. **Suncor Care, Inc.** is a California corporation formed in 2008 with its principal place of business in San Bernardino, California. Suncor Lynwood investor funds were used to purchase real property located near Redlands, California that is held in Suncor Care's name. That property is not related to the Suncor Fontana, Suncor Hesperia, or Suncor Lynwood projects. At all relevant times, Yang and Kano

have exercised control over the management, general operations, and policies of Suncor Care.

## BACKGROUND OF SUNCOR

19.    In 2008, using money from his medical practice, Yang purchased land in Fontana, California for the purpose of building a sub-acute nursing facility, which would specialize in providing care for chronically ill patients.  Yang aimed to profit from owning and operating the facility and planned to shift his focus from patient care to nursing facility management.

20.    After securing an initial construction loan, Yang and Kano purportedly sought additional capital to operate the facility.  In or around May 2012, Yang and Kano contacted a firm that offered to help them raise money for the Fontana project from Chinese investors interested in immigrating to the United States through the EB-5 program (the "Finder").  The Finder told Yang and Kano that it could potentially raise money from EB-5 investors for the development of other sub-acute care nursing facilities in addition to the one planned for Fontana.

21.    On September 12, 2012, on behalf of Suncor Fontana, Yang (as President) and Kano (as Senior Vice President), signed a "Letter of Intent for EB-5 Services" with the Finder.  Under this letter of intent, the Finder agreed to raise up to $3.5 million from 7 investors.  In exchange for the Finder's services, Suncor Fontana agreed to pay "a fee of $90,000 for each Investor (18% of each $500,000)."

22.    On September 17, 2012, Yang and Kano again signed a letter of intent for the Finder to raise another $10 million for the development of a sub-acute care nursing facility to be located in Hesperia, California.  Yang and Kano again agreed to pay the Finder 18% of each $500,000 investment.

23.    On January 28, 2013, Yang and Kano signed a letter of intent, as amended on July 5, 2013, for the Finder to raise $6 million for development of a sub-acute care nursing facility located in Lynwood, California.  As before, Yang and Kano agreed to pay the Finder 18% of each $500,000 investment.

**THE OFFERINGS**

24.     With the assistance of the Finder, from approximately November 2012 to April 2014, Yang and Kano raised approximately $20 million from EB-5 program applicants located in China.  The Defendants raised funds in three separate offerings by entities created specifically for each of the Suncor projects as follows:

- From November to December 2012, Suncor Fontana raised $4.5 million from 9 investors;

- From December 2012 to March 2014, Suncor Hesperia raised $9.5 million from 19 investors; and

- From September 2013 to April 2014, Suncor Lynwood raised $6 million from 12 investors.

25.     The investment structure and the potential benefits to investors were presented in similar fashion for each project, and each offering had a similar set of offering materials that contained an offering memorandum accompanied by several exhibits, including an operating agreement for the issuing entity, a subscription agreement, and an escrow agreement.  The offering memoranda are dated September 15, 2012 (Suncor Fontana), September 19, 2012 (Suncor Hesperia), and July 20, 2013 (Suncor Lynwood) (collectively, the "offering materials").  The offering materials were provided to investors in the Suncor entities.

26.     Pursuant to the offerings, investors each purchased limited liability company membership interests in the issuers for $500,000 – the minimum amount necessary to qualify for the EB-5 program.

27.     These membership interests were described as "securities" in the offering documents.  The offering documents disclosed that day-to-day management would be conducted by the designated manager, which, in the case of Suncor Fontana and Suncor Hesperia, was Kano, and in the case of Suncor Lynwood, was Yang. Under the operating agreements, members were prohibited from removing Yang or Kano as manager for at least five years.

7

28.     After executing a subscription agreement and an escrow agreement, which were counter-signed by Yang or Kano in the U.S. on behalf of the issuer, each investor wired his or her $500,000 investment to an escrow account located in the United States. After an investor filed his or her initial application with USCIS, investor funds were wired from the escrow account into three separate operating accounts in the names of Suncor Fontana, Suncor Hesperia, and Suncor Lynwood. Investor funds were pooled in the escrow account and in the operating accounts.

29.     In addition to their $500,000 investments with the Suncor entities, investors separately paid a fee of $45,000 to the Finder, bringing the total cost of each investment to $545,000.

30.     All three operating accounts and the escrow accounts were and are under the control of Yang and Kano.  Kano prepared and recommended transfers from the accounts and consulted with Yang regarding the transfers.  Yang retained signatory authority on the accounts and signed off on all transfers.

31.     The offering documents represent to investors that the offerings are "structured to maximize" the prospects that their investments will qualify for the EB-5 program and generate, as required under that program, full-time employment for at least ten U.S. workers.  One of the requirements of the EB-5 program is that the full amount of the investor money be made available to the business most closely responsible for creating the employment upon which the petition is based.

32.     According to the offering materials for each Suncor entity, once the facility is operational, investors are owed a 1% or 2% annual return to be paid out of the cash generated by the facility.

33.     Yang and Kano had ultimate authority over statements in the offering materials issued by the Suncor entities to investors.  Yang and Kano were the only officers of the Suncor entities, holding the positions President and Senior Vice President, respectively.  Yang and Kano controlled the entities, and were responsible for reviewing, approving and issuing the statements in the offering materials provided

to investors.  Yang and Kano also executed the operating agreements, subscription agreements, and escrow agreements on behalf of the issuing entities.  The following chart shows which offering documents were signed by Yang and Kano and in what capacity:

|  | Operating Agreement | Subscription Agreement | Escrow Agreement |
|---|---|---|---|
| **Suncor Fontana** | Kano, Initial Manager Yang, Initial Member/Owner | Kano, Manager | Kano, Managing Member Yang, President |
| **Suncor Hesperia** | Kano, Initial Manager Yang, Initial Member/Owner | Kano, Manager | Kano, Managing Member Yang, President |
| **Suncor Lynwood** | Yang, Initial Manger | Yang, Managing Member | Yang, Managing Member |

## THE DEFENDANTS MADE MATERIAL MISSTATEMENTS AND OMISSIONS REGARDING THE USE OF INVESTOR FUNDS

### The Defendants Represented That Investor Funds Would Only Be Used for a Specific Suncor Project

34.     The **Suncor Fontana** offering memorandum states that Suncor Fontana is "only involved in the operation of a 72 bed sub-acute nursing facility … located in Fontana, California" and that investor funds will be used "solely for operating capital for the Company."  The subscription agreements, signed by both the investors and Kano, state that Suncor Fontana is "limited to only investing" in the facility being developed in Fontana, California.

35.     The **Suncor Hesperia** offering memorandum states that "the capital raised will further the development, construction and operation of a 99 bed sub-acute nursing facility … located in Hesperia, California" and that "[t]he use of these funds will be for the construction and operations of the Facility."  The subscription agreements, signed by both the investors and Kano, state that Suncor Hesperia is "limited to only investing" in the Suncor Hesperia facility project.

36.     The **Suncor Lynwood** offering memorandum states that "the capital raised will further the development … of a 120 bed sub-acute nursing facility … located in Lynwood, California" and "[t]he use of these funds will be for the renovation and operations of the Facility."  The subscription agreements, signed by both the investors and Yang, state that Suncor Lynwood is "limited to only investing" in the Suncor Lynwood facility project.

## **The Defendants Misappropriated and Misused Investor Funds**

37.     Defendants' statements that investor funds would "only" be used for specific Suncor projects were false.  Rather than use the funds exclusively for the projects, they diverted the investor money to a variety of other purposes that were undisclosed and contrary to their representations.  Kano typically arranged the transfers, presented them to Yang for approval, and executed the transfers.  As a result of their conduct, a significant amount of the investor funds were never used for the operations or development of the specified projects.

### *Use of Investor Funds to Pay Substantial Undisclosed Sales Commissions*

38.     Yang and Kano agreed to pay an 18% commission to the Finder for all investor funds raised for the Suncor projects.  Yang and Kano entered into agreements to pay these commissions <u>before</u> approving the offering documents for each offering.  There is no disclosure in the Suncor Fontana, Suncor Hesperia, or Suncor Lynwood offering documents regarding using investor funds to pay any fees or commissions to any third party for acting as a broker or finder.  Yang and Kano

1   fraudulently paid these commissions from investor proceeds as the money was being
2   raised and while the solicitations were ongoing.

3       39.    These undisclosed commissions were in addition to $45,000 fees that
4   each Suncor investor knowingly and separately paid to the Finder on top of each
5   $500,000 investment.

6       40.    Yang and Kano have transferred an estimated $3.5 million to the
7   Finder, all from investor proceeds.  As a result, and contrary to the representations in
8   the offering materials, these funds were never used for the operation and/or
9   development of the Suncor projects.  Yang and Kano have never disclosed the
10  commissions to the Suncor investors and did not instruct the Finder to disclose the
11  commissions.

12  ***Misappropriation of Suncor Fontana Funds to Pay Off Yang's Personal Loans***

13      41.    Shortly after Suncor Fontana received investor funds, Yang wrote a
14  series of checks out of the Suncor Fontana account to various individuals totaling
15  approximately $1.14 million to pay off purported loans from friends and family.  This
16  use of funds is contrary to the representation in the Fontana offering materials that the
17  funds would be "used solely for operating capital" for the Fontana facility.

18  ***Misappropriation of Suncor Lynwood Funds to Purchase Property for Yang***

19      42.    Yang and Kano diverted $500,000 of Suncor Lynwood investor funds to
20  purchase real property near Redlands, California.  The property was purchased for,
21  and is held in the name of, Relief Defendant Suncor Care, Inc., an entity under the
22  control of Yang.  Again, the Defendants' use of investor funds to purchase property
23  for Yang's benefit was directly contrary to the Defendants' representations to
24  investors.

25  ***Misappropriation of Suncor Hesperia and Lynwood Funds for Yang's***
26  ***Medical Practice***

27      43.    Yang and Kano transferred approximately $960,000 of investor funds to
28  Yang's medical practice.  Between June 2013 and May 2014, Yang made transfers

totaling $710,000 from Suncor Hesperia to his company, Relief Defendant Yanrob's Medical, Inc.  The transferred money was used to pay Yang's personal and medical practice expenses.  For example, a $500,000 transfer from Suncor Hesperia investor funds in August 2013 was used to secure a loan to purchase a building that Yang uses for his medical practice.  And, in another instance, a $100,000 transfer from Suncor Hesperia to Yanrob in February 2014 was used to pay Yang's personal taxes and other expenses.  Further, in October 2014, another $250,000 was transferred from Suncor Lynwood investor funds for the benefit of Yanrob.  These transfers, again, directly contravened the Defendants' representations in the offering documents.

### Misappropriation of Suncor Hesperia Funds to Purchase Land for Suncor Lynwood

44.    Yang and Kano diverted Suncor Hesperia investor funds to purchase land in Lynwood, California for the Suncor Lynwood facility.  Between February and June 2013, approximately $3.485 million of Hesperia investor funds were used for this purpose.  This use of funds is contrary to representations in the Suncor Hesperia offering documents.

### Misappropriation of Suncor Lynwood Funds for Suncor Fontana

45.    The Suncor Fontana project is substantially behind schedule and over-budget.  There are no remaining investor funds in the Suncor Fontana escrow.  In clear contravention to representations made to Suncor Lynwood investors, Yang and Kano misappropriated at least $478,000 of Suncor Lynwood investor funds for the Suncor Fontana project.

### The Defendants Made Misrepresentations and Omissions Regarding the Use of Investor Funds with Scienter

46.    In light of Yang's control over and management of the Defendant Suncor entities, responsibility for the Defendant Suncor entities' offering documents, knowledge of the Finder's commissions, and involvement in transfers contrary to representations in the offering documents, Yang knew, was reckless in not knowing,

and/or was negligent in not knowing that statements and omissions he made in the Suncor Fontana, Suncor Hesperia, and Suncor Lynwood offering materials regarding the use of investor funds were false and misleading.

47.     In light of Kano's control over and management of the Defendant Suncor entities, responsibility for the Defendant Suncor entities' offering documents, knowledge of the Finder's commissions, and involvement in transfers contrary to representations in the offering documents, Kano knew, was reckless in not knowing, and/or was negligent in not knowing that statements and omissions she made in the Suncor Fontana, Suncor Hesperia, and Suncor Lynwood offering materials regarding the use of investor funds were false and misleading.

## The Misrepresentations and Omissions Regarding the Use of Investor Funds Were Material

48.     The fact that Suncor investor funds were diverted from the operation and/or development of the projects they invested in to Yang, the Finder, and other projects would be significant to the investment decision of a reasonable investor because the funds were not available to enable the project to succeed and provide returns to investors.

49.     Additionally, the misappropriation of investor funds for uses other than the operation and/or development of the projects they were invested in would be material to the Suncor investors because this would disqualify their investments for the purposes of the EB-5 program.  That program requires that the full amount of the investment be made available to the business most closely responsible for creating the employment upon which the EB-5 petition is based.

## THE DEFENDANTS MADE MATERIAL MISSTATEMENTS AND OMISSIONS REGARDING ELIGIBILITY FOR THE EB-5 PROGRAM

50.     The Defendants touted EB-5 eligibility as a key attribute of the Suncor offerings and claimed as much in the offering documents.  Specifically, the offering memoranda for the Suncor Fontana, Suncor Hesperia and Suncor Lynwood offerings

each state: "This Offering has been structured to maximize the eligibility of Investors in the Company seeking to qualify their investment under the EB-5 Program."

51. EB-5 eligibility criteria require each investor to demonstrate that he or she made a qualified investment of at least $500,000 in a specified project and that the full amount of the investment has been made available to the business most closely responsible for creating the employment upon which the petition is based.

52. Even after the Defendants began secretly diverting the EB-5 investor funds for commissions paid to the Finder, unrelated projects, and Yang's benefit, they continued to solicit investments based on promises that the Suncor offerings are "structured to maximize" the prospects that investors would qualify for the EB-5 program.

53. In light of Yang's control over and management of the Defendant Suncor entities, responsibility for the Defendant Suncor entities' offering documents, knowledge of the Finder's commissions, and involvement in transfers contrary to representations in the offering documents, Yang knew, was reckless in not knowing, and/or was negligent in not knowing that statements and omissions he made in the Suncor Fontana, Suncor Hesperia, and Suncor Lynwood offering materials regarding the EB-5 eligibility of the investments were false and misleading.

54. Based on Kano's control over and management of the Defendant Suncor entities, responsibility for the Defendant Suncor entities offering documents, knowledge of the Finder's commissions, and involvement in transfers contrary to representations in the offering documents, Kano knew, was reckless in not knowing, and/or was negligent in not knowing that statements and omissions she made in the Suncor Fontana, Suncor Hesperia, and Suncor Lynwood offering materials regarding the EB-5 eligibility of the investments were false and misleading.

55. These misstatements and omissions were material to Suncor investors who invested in the Suncor offerings based on the belief that they were designed to qualify the investors for the EB-5 program.

## THE DEFENDANTS ENGAGED IN A SCHEME TO DEFRAUD SUNCOR INVESTORS

56.     Yang and Kano operated the Suncor entities as a scheme to defraud investors and as a fraudulent enterprise in connection with the sale of securities.  As detailed above, Yang and Kano made material misrepresentations and omissions in the offering materials.  In addition, each committed numerous acts in furtherance of this fraudulent scheme, including using their control over the Suncor entities to direct payments to themselves or entities under their control.

57.     Additionally, Yang and Kano lulled investors by providing incomplete and misleading information.  Yang and Kano are in regular communication with concerned investors who are inquiring about the status of their investments, the status of the specific project he or she invested in, and their EB-5 applications.  At various times, Yang and Kano have provided false and misleading updates regarding the status of the projects, assured investors that the projects are progressing smoothly, and claimed that they are in a position to provide refunds to investors.  Yang and Kano have not informed any investors about the undisclosed commission payments or other misuses of investor funds.

58.     The Defendants' scheme also involves providing false and misleading documents to USCIS.  The offering documents for the Suncor offerings were not only provided to investors, but were provided to USCIS to enable it to assess whether the investments qualified for the EB-5 program.  As noted above, the offering documents contained false statements and omissions regarding facts critical to EB-5 eligibility.

59.     The Defendants were aware that these false and misleading offering documents were provided to USCIS to substantiate the amount and use of the applicants' investments as part of the EB-5 program approval process.

## YANG AND KANO ARE CONTROL PERSONS OF THE SUNCOR ENTITY DEFENDANTS

60.     As detailed above, Yang is the owner/president of each of the Suncor entity defendants and Kano is the manager/senior vice president.  Yang and Kano are the only managers of the entities and the only people involved in their day-to-day operations.

61.     Yang and Kano exercised control over the general operations of Suncor Fontana, Suncor Hesperia, and Suncor Lynwood, and the specific violative activity that is the subject of this Complaint.

## CLAIMS FOR RELIEF

## FIRST CLAIM

**Fraud in the Offer or Sale of Securities**

**Violations of Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)]**

**(All Defendants)**

62.     The Commission realleges and incorporates by reference paragraphs 1 through 61, as though fully set forth herein.

63.     Defendants have, by engaging in the conduct set forth above, directly or indirectly, in the offer or sale of securities, by use of means or instrumentalities of interstate commerce or of the mails, with the requisite state of mind:  (a) employed devices, schemes or artifices to defraud; (b) obtained money or property by means of untrue statements of material fact or omissions to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and/or (c) engaged in transactions, practices, or courses of business which operated or would operate as a fraud or deceit upon purchasers of securities.

64.     By reason of the foregoing, Defendants violated, and, unless restrained and enjoined, will continue to violate Section 17(a) of the Securities Act.

## SECOND CLAIM

### Fraud in the Purchase or Sale of Securities

### Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Thereunder [15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5]

### (All Defendants)

65.    The Commission realleges and incorporates by reference paragraphs 1 through 61, as though fully set forth herein.

66.    Defendants have, by engaging in the conduct set forth above, directly or indirectly, by use of means or instrumentalities of interstate commerce, or of the mails, or of a facility of a national security exchange, with scienter: (a) employed devices, schemes or artifices to defraud; (b) made untrue statements of material fact or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and/or (c) engaged in acts, practices or courses of business which operated or would operate as a fraud or deceit upon other persons, in connection with the purchase or sale of securities.

67.    By reason of the foregoing, Defendants violated, and, unless restrained and enjoined, will continue to violate Section 10(b) of the Exchange Act and Rule 10b-5(b) thereunder.

## THIRD CLAIM

### Control Person Liability Under Section 20(a) of the Exchange Act [15 U.S.C. § 78t(a)] for Suncor Fontana, Suncor Hesperia, and Suncor Lynwood's Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Thereunder [15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5]

### (Against Yang and Kano, Alternatively)

68.    The Commission realleges and incorporates by reference paragraphs 1 through 61, as though fully set forth herein.

69.     Suncor Fontana, Suncor Hesperia, and Suncor Lynwood have, by engaging in the conduct set forth above, directly or indirectly, by use of means or instrumentalities of interstate commerce, or of the mails, or of a facility of a national security exchange, with scienter:  (a) employed devices, schemes or artifices to defraud; (b) made untrue statements of material fact or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and/or (c) engaged in acts, practices or courses of business which operated or would operate as a fraud or deceit upon other persons, in connection with the purchase or sale of securities.

70.     Yang and Kano exercised control over the general operations of Suncor Fontana, Suncor Hesperia, and Suncor Lynwood and the specific activity upon which Suncor Fontana, Suncor Hesperia, and Suncor Lynwood's violations are based.

71.     By reason of the foregoing, Yang and Kano are each liable as control persons under Section 20(a) of the Exchange Act for Suncor Fontana, Suncor Hesperia, and Suncor Lynwood's violations of Section 10(b) of the Exchange Act and Rule 10b-5(b) thereunder.

## FOURTH CLAIM

**Fraud:  Aiding and Abetting Violations of Section 10(b) of the Exchange Act and Rule 10b-5 [15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5(b)]**

**(Yang and Kano, Alternatively)**

72.     Paragraphs 1 through 61 are hereby realleged and incorporated by reference.

73.     Suncor Fontana, Suncor Hesperia, and Suncor Lynwood have, by engaging in the conduct set forth above, directly or indirectly, by use of means or instrumentalities of interstate commerce, or of the mails, or of a facility of a national security exchange, with scienter:  (a) employed devices, schemes or artifices to defraud; (b) made untrue statements of material fact or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under

1    which they were made, not misleading; and/or (c) engaged in acts, practices or

2    courses of business which operated or would operate as a fraud or deceit upon other

3    persons, in connection with the purchase or sale of securities.

4          74.    By engaging in the conduct described above, Yang and Kano each aided

5    and abetted the violations of Suncor Fontana, Suncor Hesperia, and Suncor Lynwood,

6    in that they knowingly or recklessly provided substantial assistance to Suncor

7    Fontana, Suncor Hesperia, and Suncor Lynwood in committing these violations.

8          75.    By reason of the foregoing, Yang and Kano each aided and abetted and,

9    unless restrained and enjoined, will continue to aid and abet, Suncor Fontana, Suncor

10    Hesperia, and Suncor Lynwood's violations of Section 10(b) of the Exchange Act

11    and Rule 10b-5(b) thereunder.

12                         **FIFTH CLAIM**

13    **Fraud:  Aiding and Abetting Violations of Section 17(a) of the Securities Act**

14                     **[15 U.S.C. § 77q(a)]**

15                **(Yang and Kano, Alternatively)**

16          76.    Paragraphs 1 through 61 are hereby realleged and incorporated by

17    reference.

18          77.    Suncor Fontana, Suncor Hesperia, and Suncor Lynwood have, by

19    engaging in the conduct set forth above, directly or indirectly, in the offer or sale of

20    securities, by use of means or instrumentalities of interstate commerce or of the

21    mails, with the requisite state of mind:  (a) employed devices, schemes or artifices to

22    defraud; (b) obtained money or property by means of untrue statements of material

23    fact or omissions to state material facts necessary in order to make the statements

24    made, in light of the circumstances under which they were made, not misleading;

25    and/or (c) engaged in transactions, practices, or courses of business which operated or

26    would operate as a fraud or deceit upon purchasers of securities.

27          78.    By engaging in the conduct described above, Yang and Kano each aided

28    and abetted the violations of Suncor Fontana, Suncor Hesperia, and Suncor Lynwood,

in that they knowingly or recklessly provided substantial assistance to Suncor Fontana, Suncor Hesperia, and Suncor Lynwood in committing these violations.

79.   By reason of the foregoing, Yang and Kano each aided and abetted and, unless restrained and enjoined, will continue to aid and abet, Suncor Fontana, Suncor Hesperia, and Suncor Lynwood's violations of Section 17(a) of the Securities Act.

## SIXTH CLAIM

### Equitable Disgorgement

### (Against Relief Defendants)

80.   Paragraphs 1 through 61 are hereby re-alleged and incorporated by reference.

81.   Relief Defendants Yanrob's Medical, Inc., HealthPro Capital Partners, LLC, and Suncor Care, Inc., obtained money, property, and assets as a result of the violations of the securities laws by Defendants Robert Yang, Claudia Kano, Suncor Fontana, Suncor Hesperia, and Suncor Lynwood, to which the Relief Defendants have no legitimate claim.

82.   Yanrob's Medical, Inc., HealthPro Capital Partners, LLC, and Suncor Care, Inc., should be required to disgorge all ill-gotten gains which inured to their benefit under the equitable doctrines of disgorgement, unjust enrichment and constructive trust.

## PRAYER FOR RELIEF

### I.

Find that each of the Defendants committed the violations alleged in this Complaint;

### II.

Enter  preliminary and permanent injunctions, in a form consistent with Rule 65(d) of the Federal Rules of Civil Procedure, temporarily and permanently restraining and enjoining each of the Defendants from violating, directly or indirectly, the laws and rules alleged against them in this Complaint;

**III.**

Order that each of the Defendants and Relief Defendants disgorge any and all ill-gotten gains, together with pre- and post-judgment interest, derived from the improper conduct set forth in this Complaint;

**IV.**

Order that each of the Defendants pay civil money penalties pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)] in an amount to be determined by the Court, plus post-judgment interest; and

**V.**

Order such other relief as this Court may deem just or appropriate.

Respectfully this 19th day of November, 2015.

Jury Trial Demanded

Respectfully Submitted,


s/ David J. VanHavermaat

David J. VanHavermaat, Local Counsel

Securities and Exchange Commission

444 South Flower Street, Suite 900

Los Angeles, CA 90071


Zachary T. Carlyle

(pro hac vice application to be filed)

Attorneys for Plaintiff

Securities and Exchange Commission