ZACHARY T. CARLYLE
CarlyleZ@sec.gov
SECURITIES AND EXCHANGE COMMISSION
Byron G. Rogers Federal Building
1961 Stout Street, Suite 1700
Denver, Colorado 80294-1961
Telephone:   (303) 844-1000
Facsimile:    (303) 297-3529

LOCAL COUNSEL:
David J. VanHavermaat, Cal. Bar No. 175761
VanhavermaatD@sec.gov
SECURITIES AND EXCHANGE COMMISSION
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone:   (323) 965-3889
Facsimile:    (213) 443-1904

Attorneys for Plaintiff
Securities and Exchange Commission

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>                    Plaintiff,<br><br>        vs.<br><br>ROBERT YANG,<br>CLAUDIA KANO,<br>SUNCOR FONTANA, LLC,<br>SUNCOR HESPERIA, LLC, AND<br>SUNCOR CARE LYNWOOD, LLC<br>                    Defendants,<br><br>AND<br><br>YANROB'S MEDICAL, INC.,<br>HEALTHPRO CAPITAL PARTNERS, LLC,<br>AND SUNCOR CARE, INC.<br>                    Relief Defendants. | Case No. 5:15-cv-02387-SVW (KKx)<br><br><br>**PRELIMINARY INJUNCTION, ORDER APPOINTING RECEIVER, FREEZING ASSETS, AND PROVIDING FOR OTHER ANCILLARY RELIEF** |

The parties in this matter have by stipulation agreed to the entry of this Order of Preliminary Injunction, Order Appointing Receiver, Freezing Assets, and Providing for Other Ancillary Relief.

A.      This Court has jurisdiction over the parties to, and the subject matter of, this action.

B.      The terms and conditions of the Temporary Restraining Order, Order Freezing Assets, and Providing for Other Ancillary Relief entered by the Court on November 25, 2015 shall remain in full force and effect until this Court has issued this Order.

## I.

IT IS HEREBY ORDERED that, until final judgment in this matter enters, Defendants Robert Yang, Claudia Kano, Suncor Fontana, LLC, Suncor Hesperia, LLC, and Suncor Care Lynwood, LLC and their officers, directors, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, are enjoined and restrained from, directly or indirectly, in the offer or sale of any security by the use of any means or instruments of transportation, or communication in interstate commerce or by the use of the mails: (1) employing any device, scheme, or artifice to defraud; or (2) obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (3) engaging in any transaction, practice, or course of business that operates or would operate as a fraud or deceit upon the purchaser in violation of Section 17(a) of the Securities Act of 1933 [15 U.S.C. § 77q(a)].

## II.

IT IS HEREBY FURTHER ORDERED that until final judgment in this matter enters, Defendants Robert Yang, Claudia Kano, Suncor Fontana, LLC, Suncor

1

Hesperia, LLC, and Suncor Care Lynwood, LLC and their officers, directors, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and each of them, are enjoined and restrained from directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange in connection with the purchase or sale of any security: (1) employing any device, scheme, or artifice to defraud; (2) making any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (3) engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person in violation of Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. 240.10b-5].

### III.

IT IS HEREBY FURTHER ORDERED that except as otherwise specified in this Order, pending further order of this Court, the asset freeze imposed by Section III of the Temporary Restraining Order, Order Freezing Assets, and Providing for Other Ancillary Relief entered by the Court on November 25, 2015, shall continue in full force and effect, and all such funds and other assets shall remain frozen.

### IV.

IT IS HEREBY FURTHER ORDERED that until final judgment in this matter enters, Defendants Robert Yang, Claudia Kano, Suncor Fontana, LLC, Suncor Hesperia, LLC, Suncor Care Lynwood, LLC, and Relief Defendants Yanrob's Medical, Inc., HealthPro Capital Partners, LLC, and Suncor Care, Inc., and their officers, directors, successor corporations, subsidiaries and affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, and

each of them, are hereby restrained from destroying, mutilating, concealing, altering, or disposing of any document referring or relating in any manner to any transactions described in the Complaint in this action, or to any communications between or among any of the Defendants and/or Relief Defendants.

## V.

IT IS HEREBY FURTHER ORDERED that

**A.**    This Court hereby takes exclusive jurisdiction and possession of the assets, of whatever kind and wherever situated, of the Suncor Receivership Entities (collectively, the "Receivership Assets").

**B.**    Until further Order of this Court, Stephen J. Donell is hereby appointed to serve without bond as receiver (the "Receiver") for the estates of the Suncor Receivership Entities (the "Receivership Estates").

**C.    Asset Freeze**

1.    Except as otherwise specified herein, all Receivership Assets and all assets of the Defendants Suncor Fontana, LLC, Suncor Hesperia, LLC, and Suncor Care Lynwood, LLC, and their respective subsidiaries and affiliates (collectively, the "Suncor Receivership Entities") and those assets of Relief Defendants Yanrob's Medical, Inc., HealthPro Capital Partners, LLC, and Suncor Care, Inc. that: (a) are attributable to funds derived from investors of the Suncor Receivership Entities; (b) are held in constructive trust for the Suncor Receivership Entities; (c) were fraudulently transferred by the Suncor Receivership Entities; and/or (d) may otherwise be includable as assets of the estates of the Suncor Receivership Entities (collectively, the "Recoverable Assets") are frozen until further order of this Court.  Accordingly, all persons and entities with direct or indirect control over any Receivership Assets and/or any Recoverable Assets, other than the Receiver, are hereby restrained and enjoined from directly or indirectly transferring, setting off, receiving, changing, selling, pledging, assigning, liquidating or otherwise disposing of or withdrawing such assets.  This freeze shall include, but

not be limited to, Receivership Assets and/or Recoverable Assets that are on deposit with financial institutions such as banks, brokerage firms and mutual funds.

### D.    <u>General Powers and Duties of Receiver</u>

1.    The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the officers, directors, managers and general and limited partners of the Suncor Receivership Entities under applicable state and federal law, by the governing charters, by-laws, articles and/or agreements in addition to all powers and authority of a receiver at equity, and all powers conferred upon a receiver by the provisions of 28 U.S.C. §§ 754, 959 and 1692, and Fed.R.Civ.P. 66.

2.    The trustees, directors, officers, managers, employees, investment advisors, accountants, attorneys and other agents of the Suncor Receivership Entities are hereby dismissed and the powers of any general partners, directors and/or managers are hereby suspended.  Such persons and entities shall have no authority with respect to the Suncor Receivership Entities' operations or assets, except to the extent as may hereafter be expressly granted by the Receiver.  The Receiver shall assume and control the operation of the Suncor Receivership Entities and shall pursue and preserve all of their claims.

3.    No person holding or claiming any position of any sort with any of the Suncor Receivership Entities shall possess any authority to act by or on behalf of any of the Suncor Receivership Entities.

4.    Subject to the specific provisions in this Order, the Receiver shall have the following general powers and duties:

     a.    To use reasonable efforts to determine the nature, location and value of all property interests of the Suncor Receivership Entities, including, but not limited to, monies, funds, securities, credits, effects, goods, chattels, lands, premises, leases, claims, rights and other assets, together with all rents, profits, dividends, interest or other income attributable thereto, of whatever kind, which the Suncor Receivership Entities own, possess, have a beneficial interest in, or control

directly or indirectly ("Receivership Property");

b.      To take custody, control and possession of all Receivership Property and records relevant thereto from the Suncor Receivership Entities; to sue for and collect, recover, receive and take into possession from third parties all Receivership Property and records relevant thereto;

c.      To manage, control, operate and maintain the Receivership Estates and hold in his possession, custody and control all Receivership Property, pending further Order of this Court;

d.      To use Receivership Property for the benefit of the Receivership Estates, making payments and disbursements and incurring expenses as may be necessary or advisable in the ordinary course of business in discharging his duties as Receiver;

e.      To take such actions as the Receiver deems necessary, in his reasonable business judgment, for the preservation of any Receivership Assets and Receivership Property, including, but not limited to making repairs to, continuing, or completing construction of any real properties owned by the Suncor Receivership Entities or drawing on any loan funds, lines of credit, and/or amounts held in escrow as the Receiver deems necessary and appropriate for such efforts;

f.      To take any action which, prior to the entry of this Order, could have been taken by the officers, directors, partners, managers, trustees and agents of the Suncor Receivership Entities;

g.      To engage and employ persons in his discretion to assist him in carrying out his duties and responsibilities hereunder, including, but not limited to, accountants, attorneys, financial or business advisers, liquidating agents, real estate agents, forensic experts, brokers, traders or auctioneers;

h.      To take such action as necessary and appropriate for the preservation of Receivership Property or to prevent the dissipation or concealment of Receivership Property;

i. To review, on at least a bi-weekly basis, a detailed summary of all receipts and expenses, including operating expenses, of Relief Defendant Yanrob's Medical, Inc., and to authorize the payment, on a specific or ongoing basis, of those operating expenses of Relief Defendant Yanrob's Medical, Inc., which the Receiver determines, in his reasonable business judgment, are necessary and appropriate for the preservation of its business. Subject to this limited exception, all funds of Defendant Yanrob's Medical, Inc. shall remain frozen in accordance with Section V.C., above, and subject to all other applicable terms of this Order;

j. To issue subpoenas for documents and testimony consistent with the Federal Rules of Civil Procedure;

k. To bring such legal actions based on law or equity in any state, federal, or foreign court as the Receiver deems necessary or appropriate in discharging his duties as Receiver;

l. To pursue, resist and defend all suits, actions, claims and demands which may now be pending or which may be brought by or asserted against the Receivership Estates; and,

m. To take such other action as may be approved by this Court.

**E.** **Access to Information**

1. The individual Suncor Receivership Entities and the past and/or present officers, directors, agents, managers, general and limited partners, trustees, attorneys, accountants and employees of the Suncor Receivership Entities, as well as those acting in their place, are hereby ordered and directed to preserve and turn over to the Receiver forthwith all paper and electronic information of, and/or relating to, the Suncor Receivership Entities and/or all Receivership Property; such information shall include but not be limited to books, records, documents, accounts and all other instruments and papers.

2. Within ten days (10) of the entry of this Order, the Suncor Receivership Entities shall file with the Court and serve upon the Receiver and the

6

Commission a sworn statement, listing: (a) all employees (and job titles thereof), other personnel, attorneys, accountants and any other agents or contractors of the Suncor Receivership Entities; and, (b) the names, addresses and amounts of claims of all known creditors of the Suncor Receivership Entities.

3.    Within thirty (30) days of the entry of this Order, the Suncor Receivership Entities shall provide to the Receiver and the Commission copies of the Suncor Receivership Entities' federal income tax returns for January 1, 2011 to the present with all relevant and necessary underlying documentation.

4.    The Suncor Receivership Entities' past and/or present officers, directors, agents, attorneys, managers, shareholders, employees, accountants, debtors, creditors, managers and general and limited partners, and other appropriate persons or entities shall answer under oath to the Receiver all questions which the Receiver may put to them and produce all documents as required by the Receiver regarding the business of the Suncor Receivership Entities, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to the Suncor Receivership Entities.  In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons or entities, the Receiver shall make its discovery requests in accordance with the Federal Rules of Civil Procedure.

5.    The Receiver shall have the power to issue subpoenas to compel testimony of persons or production of records, consistent with the Federal Rules of Civil Procedure and applicable Local Rules, except for the provisions of Fed.R.Civ.P. 26(d)(1), concerning any subject matter within the powers and duties granted by this Order.

6.    The Defendants Robert Yang and Claudia Kano and the Suncor Receivership Entities are required to assist the Receiver in fulfilling his duties and obligations.  As such, they must respond promptly and truthfully to all requests for information and documents from the Receiver.

**F.   Access to Books, Records and Accounts**

1.    The Receiver is authorized to take immediate possession of all assets, bank accounts or other financial accounts, books and records and all other documents or instruments relating to the Suncor Receivership Entities.  All persons and entities having control, custody or possession of any Receivership Property are hereby directed to turn such property over to the Receiver.

2.    The Suncor Receivership Entities, as well as their agents, servants, employees, attorneys, any persons acting for or on behalf of the Suncor Receivership Entities, and any persons receiving notice of this Order by personal service, facsimile transmission or otherwise, having possession of the property, business, books, records, accounts or assets of the Suncor Receivership Entities are hereby directed to deliver the same to the Receiver, his agents and/or employees.

3.    All banks, brokerage firms, financial institutions, and other persons or entities which have possession, custody or control of any assets or funds held by, in the name of, or for the benefit of, directly or indirectly, the Suncor Receivership Entities, that receive actual notice of this Order by personal service, facsimile transmission or otherwise shall:

a.    Not liquidate, transfer, sell, convey or otherwise transfer any assets, securities, funds, or accounts in the name of or for the benefit of the Suncor Receivership Entities except upon instructions from the Receiver;

b.    Not exercise any form of set-off, alleged set-off, lien, or any form of self-help whatsoever, or refuse to transfer any funds or assets to the Receiver's control without the permission of this Court;

c.    Within five (5) business days of receipt of that notice, file with the Court and serve on the Receiver and counsel for the Commission a certified statement setting forth, with respect to each such account or other asset, the balance in the account or description of the assets as of the close of business on the date of receipt of the notice; and,

      d.     Cooperate expeditiously in providing information and transferring funds, assets and accounts to the Receiver or at the direction of the Receiver.

**G.    <u>Access to Real and Personal Property</u>**

1.    The Receiver is authorized to take immediate possession of all personal property of the Suncor Receivership Entities, wherever located, including but not limited to electronically stored information, computers, laptops, hard drives, external storage drives, and any other such memory, media or electronic storage devices (including all passwords necessary for accessing such information), books, papers, data processing records, evidence of indebtedness, bank records and accounts, savings records and accounts, brokerage records and accounts, certificates of deposit, stocks, bonds, debentures, and other securities and investments, contracts, mortgages, furniture, office supplies and equipment.

2.    The Receiver is authorized to take immediate possession of all real property of the Suncor Receivership Entities, wherever located, including but not limited to all ownership and leasehold interests and fixtures.  Upon receiving actual notice of this Order by personal service, facsimile transmission or otherwise, all persons other than law enforcement officials acting within the course and scope of their official duties, are (without the express written permission of the Receiver) prohibited from: (a) entering such premises; (b) removing anything from such premises; or, (c) destroying, concealing or erasing anything on such premises.

3.    In order to execute the express and implied terms of this Order, the Receiver is authorized to change door locks to the premises described above.  The Receiver shall have exclusive control of the keys.  The Suncor Receivership Entities, or any other person acting or purporting to act on their behalf, are ordered not to change the locks in any manner, nor to have duplicate keys made, nor shall they have keys in their possession during the term of the receivership.

4.      The Receiver is authorized to open all mail directed to or received by or at the offices or post office boxes of the Suncor Receivership Entities, and to inspect all mail opened prior to the entry of this Order, to determine whether items or information therein fall within the mandates of this Order.

**H.     Notice to Third Parties**

1.      The Receiver shall promptly give notice of his appointment to all known officers, directors, agents, employees, shareholders, creditors, debtors, managers and general and limited partners of the Suncor Receivership Entities, as the Receiver deems necessary or advisable to effectuate the operation of the receivership.

2.      All persons and entities owing any obligation, debt, or distribution with respect to an ownership interest to any Suncor Receivership Entity shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver and its receipt for such payments shall have the same force and effect as if the Suncor Receivership Entity had received such payment.

3.      In furtherance of his responsibilities in this matter, the Receiver is authorized to communicate with, and/or serve this Order upon, any person, entity or government office that he deems appropriate to inform them of the status of this matter and/or the financial condition of the Receivership Estates.   All government offices which maintain public files of security interests in real and personal property shall, consistent with such office's applicable procedures, record this Order upon the request of the Receiver or the SEC.

4.      The Receiver is authorized to instruct the United States Postmaster to hold and/or reroute mail which is related, directly or indirectly, to the business, operations or activities of any of the Suncor Receivership Entities (the "Receiver's Mail"), including all mail addressed to, or for the benefit of, the Suncor Receivership Entities.  The Postmaster shall not comply with, and shall immediately report to the Receiver, any change of address or other instruction given by anyone other than the Receiver concerning the Receiver's Mail.  The Suncor Receivership

Entities shall not open any of the Receiver's Mail and shall immediately turn over such mail, regardless of when received, to the Receiver.  All personal mail of any individual Suncor Receivership Entities, and/or any mail appearing to contain privileged information, and/or any mail not falling within the mandate of the Receiver, shall be released to the named addressee by the Receiver.  The foregoing instructions shall apply to any proprietor, whether individual or entity, of any private mail box, depository, business or service, or mail courier or delivery service, hired, rented or used by the Suncor Receivership Entities.  The Suncor Receivership Entities shall not open a new mailbox, or take any steps or make any arrangements to receive mail in contravention of this Order, whether through the U.S. mail, a private mail depository or courier service.

5.     Subject to payment for services provided, any entity furnishing water, electric, telephone, sewage, garbage or trash removal services to the Suncor Receivership Entities shall maintain such service and transfer any such accounts to the Receiver unless instructed to the contrary by the Receiver.

## I.     Injunction Against Interference with Receiver

1.     The Suncor Receivership Entities and all persons receiving notice of this Order by personal service, facsimile or otherwise, are hereby restrained and enjoined from directly or indirectly taking any action or causing any action to be taken, without the express written agreement of the Receiver, which would:

a.     Interfere with the Receiver's efforts to take control, possession, or management of any Receivership Property; such prohibited actions include but are not limited to, using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any Receivership Property;

b.     Hinder, obstruct or otherwise interfere with the Receiver in the performance of his duties; such prohibited actions include but are not limited to,

11

1   concealing, destroying or altering records or information;

2             c.     Dissipate or otherwise diminish the value of any

3   Receivership Property; such prohibited actions include but are not limited to,

4   releasing claims or disposing, transferring, exchanging, assigning or in any way

5   conveying any Receivership Property, enforcing judgments, assessments or claims

6   against any Receivership Property or any Receivership Defendant, attempting to

7   modify, cancel, terminate, call, extinguish, revoke or accelerate (the due date), of any

8   lease, loan, mortgage, indebtedness, security agreement or other agreement executed

9   by any Receivership Defendant or which otherwise affects any Receivership

10   Property; or,

11             d.     Interfere with or harass the Receiver, or interfere in any

12   manner with the exclusive jurisdiction of this Court over the Receivership Estates.

13        2.     Defendants Robert Yang, Claudia Kano, and the Suncor

14   Receivership Entities shall cooperate with and assist the Receiver in the performance

15   of his duties.

16        3.     The Receiver shall promptly notify the Court and SEC counsel of

17   any failure or apparent failure of any person or entity to comply in any way with the

18   terms of this Order.

19   **J.**    **Stay of Litigation**

20        1.     As set forth in detail below, the following proceedings, excluding

21   the instant proceeding and all police or regulatory actions and actions of the

22   Commission related to the above-captioned enforcement action, are stayed until

23   further Order of this Court:

24        All civil legal proceedings of any nature, including, but not

25        limited to, bankruptcy proceedings, arbitration proceedings,

26        foreclosure actions, default proceedings, or other actions of any

27        nature involving: (a) the Receiver, in his capacity as Receiver;

28        (b) any Receivership Property, wherever located; (c) any of the

Suncor Receivership Entities, including subsidiaries and partnerships; or, (d) any of the Suncor Receivership Entities' past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise (such proceedings are hereinafter referred to as "Ancillary Proceedings").

2.     The parties to any and all Ancillary Proceedings are enjoined from commencing or continuing any such legal proceeding, or from taking any action, in connection with any such proceeding, including, but not limited to, the issuance or employment of process.

3.     All Ancillary Proceedings are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court.   Further, as to a cause of action accrued or accruing in favor of one or more of the Suncor Receivership Entities against a third person or party, any applicable statute of limitation is tolled during the period in which this injunction against commencement of legal proceedings is in effect as to that cause of action.

**K.     <u>Managing Assets</u>**

1.     For each of the Receivership Estates, the Receiver shall establish one or more custodial accounts at a federally insured bank to receive and hold all cash equivalent Receivership Property (the "Receivership Funds").

2.     The Receiver's deposit account shall be entitled "Receiver's Account, Estate of [Name of Suncor Receivership Entity]" together with the name of the action.

3.     The Receiver may, without further Order of this Court, transfer, compromise, or otherwise dispose of any Receivership Property, other than real

estate, in the ordinary course of business, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate, and with due regard to the realization of the true and proper value of such Receivership Property.

4. Subject to the specific provisions of this order, the Receiver is authorized to locate, list for sale or lease, engage a broker for sale or lease, cause the sale or lease, and take all necessary and reasonable actions to cause the sale or lease of all real property in the Receivership Estates, either at public or private sale, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate, and with due regard to the realization of the true and proper value of such real property.

5. Upon further Order of this Court, pursuant to such procedures as may be required by this Court and additional authority such as 28 U.S.C. §§ 2001 and 2004, the Receiver will be authorized to sell, and transfer clear title to, all real property in the Receivership Estates.

6. The Receiver is authorized to take all actions to manage, maintain, and/or wind-down business operations of the Receivership Estates, including making legally required payments to creditors, employees, and agents of the Receivership Estates and communicating with vendors, investors, governmental and regulatory authorities, and others, as appropriate.

7. The Receiver shall take all necessary steps to enable the Receivership Funds to obtain and maintain the status of a taxable "Settlement Fund," within the meaning of Section 468B of the Internal Revenue Code and of the regulations.

**L.   Investigate and Prosecute Claims**

1. Subject to the requirement, in Section V.J above, that leave of this Court is required to resume or commence certain litigation, the Receiver is authorized, empowered and directed to investigate, prosecute, defend, intervene in or otherwise participate in, compromise, and/or adjust actions in any state, federal or

foreign court or proceeding of any kind as may in his discretion, and in consultation with SEC counsel, be advisable or proper to recover and/or conserve Receivership Property.

2.     Subject to his obligation to expend receivership funds in a reasonable and cost-effective manner, the Receiver is authorized, empowered and directed to investigate the manner in which the financial and business affairs of the Suncor Receivership Entities were conducted and (after obtaining leave of this Court) to institute such actions and legal proceedings, for the benefit and on behalf of the Receivership Estate, as the Receiver deems necessary and appropriate; the Receiver may seek, among other legal and equitable relief, the imposition of constructive trusts, disgorgement of profits, asset turnover, avoidance of fraudulent transfers, rescission and restitution, collection of debts, and such other relief from this Court as may be necessary to enforce this Order.  Where appropriate, the Receiver should provide prior notice to Counsel for the Commission before commencing investigations and/or actions.

3.     The Receiver hereby holds, and is therefore empowered to waive, all privileges, including the attorney-client privilege, held by all entity Suncor Receivership Entities.

4.     The Receiver has a continuing duty to ensure that there are no conflicts of interest between the Receiver, his Retained Personnel (as that term is defined below), and the Receivership Estate.

**M.     Bankruptcy Filing**

1.     The Receiver may seek authorization of this Court to file voluntary petitions for relief under Title 11 of the United States Code (the "Bankruptcy Code") for the Suncor Receivership Entities.  If a Suncor Receivership Entity is placed in bankruptcy proceedings, the Receiver may become, and may be empowered to operate each of the Receivership Estates as, a debtor in possession.  In such a situation, the Receiver shall have all of the powers and duties as provided a

15

debtor in possession under the Bankruptcy Code to the exclusion of any other person or entity.  Pursuant to Paragraph V.K above, the Receiver is vested with management authority for all entity Suncor Receivership Entities and may therefore file and manage a Chapter 11 petition.

2. The provisions of Section V.J above bar any person or entity, other than the Receiver, from placing any of the Suncor Receivership Entities in bankruptcy proceedings.

**N.** **Liability of Receiver**

1. Until further Order of this Court, the Receiver shall not be required to post bond or give an undertaking of any type in connection with his fiduciary obligations in this matter.

2. The Receiver and his agents, acting within scope of such agency ("Retained Personnel") are entitled to rely on all outstanding rules of law and Orders of this Court and shall not be liable to anyone for their own good faith compliance with any order, rule, law, judgment, or decree.  In no event shall the Receiver or Retained Personnel be liable to anyone for their good faith compliance with their duties and responsibilities as Receiver or Retained Personnel

3. This Court shall retain jurisdiction over any action filed against the Receiver or Retained Personnel based upon acts or omissions committed in their representative capacities.

4. In the event the Receiver decides to resign, the Receiver shall first give written notice to the Commission's counsel of record and the Court of its intention, and the resignation shall not be effective until the Court appoints a successor.  The Receiver shall then follow such instructions as the Court may provide.

**O.** **Recommendations and Reports**

1. On or before December 24, 2015, the Receiver shall file a report regarding the Receiver's initial plan to marshal the assets of the Suncor Receivership

Entities, with service copies to counsel of record.

2.      The Receiver is authorized, empowered and directed to develop a plan for the fair, reasonable, and efficient recovery and liquidation of all remaining, recovered, and recoverable Receivership Property (the "Liquidation Plan").

3.      Within ninety (90) days of the entry date of this Order, or at an alternate date set by the Court upon application of the Receiver, the Receiver shall file the Liquidation Plan in the above-captioned action, with service copies to counsel of record.

4.      Within thirty (30) days after the end of each calendar quarter, the Receiver shall file and serve a full report and accounting of each Receivership Estate (the "Quarterly Status Report"), reflecting (to the best of the Receiver's knowledge as of the period covered by the report) the existence, value, and location of all Receivership Property, and of the extent of liabilities, both those claimed to exist by others and those the Receiver believes to be legal obligations of the Receivership Estates.

5.      The Quarterly Status Report shall contain the following:

a.      A summary of the operations of the Receiver;

b.      The amount of cash on hand, the amount and nature of accrued administrative expenses, and the amount of unencumbered funds in the estate;

c.      A schedule of all the Receiver's receipts and disbursements (attached as Exhibit A to the Quarterly Status Report), with one column for the quarterly period covered and a second column for the entire duration of the receivership;

d.      A description of all known Receivership Property, including approximate or actual valuations, anticipated or proposed dispositions, and reasons for retaining assets where no disposition is intended;

e.     A description of liquidated and unliquidated claims held by the Receivership Estate, including the need for forensic and/or investigatory resources; approximate valuations of claims; and anticipated or proposed methods of enforcing such claims (including likelihood of success in: (i) reducing the claims to judgment; and, (ii) collecting such judgments);

f.     A list of all known creditors with their addresses and the amounts of their claims;

g.     The status of Creditor Claims Proceedings, after such proceedings have been commenced; and,

h.     The Receiver's recommendations for a continuation or discontinuation of the receivership and the reasons for the recommendations.

6.     On the request of the Commission, the Receiver shall provide the Commission with any documentation that the Commission deems necessary to meet its reporting requirements, that is mandated by statute or Congress, or that is otherwise necessary to further the Commission's mission.

### P.     Fees, Expenses and Accountings

1.     Subject to the specific provisions of this Order, the Receiver need not obtain Court approval prior to the disbursement of Receivership Funds for expenses in the ordinary course of the administration and operation of the receivership.  Further, prior Court approval is not required for payments of applicable federal, state or local taxes.

2.     Subject to the specific provisions of this Order, the Receiver is authorized to solicit persons and entities ("Retained Personnel") to assist him in carrying out the duties and responsibilities described in this Order.  The Receiver shall not engage any Retained Personnel without first obtaining an Order of the Court authorizing such engagement.

3.     The Receiver and Retained Personnel are entitled to reasonable compensation and expense reimbursement from the Receivership Estates as described

18

in the "Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission" (the "Billing Instructions") agreed to by the Receiver.  Such compensation shall require the prior approval of the Court.

4.     Within forty-five (45) days after the end of each calendar quarter, the Receiver and Retained Personnel shall apply to the Court for compensation and expense reimbursement from the Receivership Estates (the "Quarterly Fee Applications").  At least thirty (30) days prior to filing each Quarterly Fee Application with the Court, the Receiver will serve upon counsel for the SEC a complete copy of the proposed Application, together with all exhibits and relevant billing information in a format to be provided by SEC staff.

5.     All Quarterly Fee Applications will be interim and will be subject to cost benefit and final reviews at the close of the receivership.  At the close of the receivership, the Receiver will file a final fee application, describing in detail the costs and benefits associated with all litigation and other actions pursued by the Receiver during the course of the receivership.

6.     Quarterly Fee Applications may be subject to a holdback in the amount of 20% of the amount of fees and expenses for each application filed with the Court.  The total amounts held back during the course of the receivership will be paid out at the discretion of the Court as part of the final fee application submitted at the close of the receivership.

7.     Each Quarterly Fee Application shall:

a.     Comply with the terms of the Billing Instructions agreed to by the Receiver; and,

b.     Contain representations (in addition to the Certification required by the Billing Instructions) that: (i) the fees and expenses included therein were incurred in the best interests of the Receivership Estate; and, (ii) with the exception of the Billing Instructions, the Receiver has not entered into any agreement, written or oral, express or implied, with any person or entity concerning the amount

of compensation paid or to be paid from the Receivership Estate, or any sharing thereof.

8.     At the close of the Receivership, the Receiver shall submit a Final Accounting, in a format to be provided by SEC staff, as well as the Receiver's final application for compensation and expense reimbursement.

**VI.**

IT IS HEREBY FURTHER ORDERED that the hearing to show cause set for December 21, 2015 by the Temporary Restraining Order, Order Freezing Assets, and Providing for Other Ancillary Relief entered by the Court on November 25, 2015 is vacated.

Dated:  December 11, 2015

_____
STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE