1
2
3

FILED
CLERK, U.S. DISTRICT COURT

June 23, 2016

CENTRAL DISTRICT OF CALIFORNIA
BY:_____CR_____DEPUTY

4
5

JS-6

6
7
8

# UNITED STATES DISTRICT COURT

9

# CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11 SECURITIES AND EXCHANGE | Case No. 5:15-cv-02387-SVW (KKx) |
| 12 COMMISSION, | |
| Plaintiff, | |
| 13 | **JUDGMENT AS TO DEFENDANT** |
| vs. | **CLAUDIA KANO** |
| 14 | |
| 15 ROBERT YANG, | |
| CLAUDIA KANO, | |
| 16 SUNCOR FONTANA, LLC, | |
| SUNCOR HESPERIA, LLC, AND | |
| 17 SUNCOR CARE LYNWOOD, LLC | |
| Defendants, | |
| 18 | |
| 19 AND | |
| 20 YANROB'S MEDICAL, INC., | |
| HEALTHPRO CAPITAL PARTNERS, LLC, | |
| 21 AND SUNCOR CARE, INC. | |
| Relief Defendants. | |
| 22 | |

23
24

## JUDGMENT AS TO DEFENDANT CLAUDIA KANO

25      The Securities and Exchange Commission having filed an Amended Complaint

26  and Defendant Claudia Kano having entered a general appearance; consented to the

27  Court's jurisdiction over Defendant and the subject matter of this action; consented to

28  entry of this Judgment without admitting or denying the allegations of the Amended

1

1  Complaint (except as to jurisdiction and except as otherwise provided herein in
2  paragraph V); waived findings of fact and conclusions of law; and waived any right
3  to appeal from this Judgment:

**I.**

5      IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is
6  permanently restrained and enjoined from violating, directly or indirectly, Section
7  10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. §
8  78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using
9  any means or instrumentality of interstate commerce, or of the mails, or of any
10 facility of any national securities exchange, in connection with the purchase or sale of
11 any security:

12     (a)    to employ any device, scheme, or artifice to defraud;
13     (b)    to make any untrue statement of a material fact or to omit to state a
14            material fact necessary in order to make the statements made, in the light
15            of the circumstances under which they were made, not misleading; or
16     (c)    to engage in any act, practice, or course of business which operates or
17            would operate as a fraud or deceit upon any person.

18     IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as
19 provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also
20 binds the following who receive actual notice of this Judgment by personal service or
21 otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and
22 (b) other persons in active concert or participation with Defendant or with anyone
23 described in (a).

**II.**

25     IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that
26 Defendant is permanently restrained and enjoined from violating Section 17(a) of the
27 Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale

of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

     (a)   to employ any device, scheme, or artifice to defraud;

     (b)   to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

     (c)   to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)].  The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission.  Prejudgment interest shall be calculated from September 15, 2012, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).  In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that she did not violate the federal securities laws as alleged in the Amended

3

Complaint; (b) Defendant may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Amended Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

**IV.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

**V.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the Amended Complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.


Dated:    June 23, 2016    , 20XX6.


STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE