1  DAVID R. ZARO (BAR NO. 124334)
   JOSHUA A. DEL CASTILLO (BAR NO. 239015)
2  MELISSA K. ZONNE (BAR NO. 301581)
   ALLEN MATKINS LECK GAMBLE
3    MALLORY & NATSIS LLP
   865 South Figueroa Street, Suite 2800
4  Los Angeles, California 90017-2543
   Phone: (213) 622-5555
5  Fax: (213) 620-8816
   E-Mail: dzaro@allenmatkins.com
6  jdelcastillo@allenmatkins.com
   mzonne@allenmatkins.com
7
   Attorneys for Receiver
8  STEPHEN J. DONELL

9           UNITED STATES DISTRICT COURT

10          CENTRAL DISTRICT OF CALIFORNIA

11

12  SECURITIES AND EXCHANGE          Case No. 5:15-CV-02387-SVW (KKx)
    COMMISSION,
13                                    EXTENDED AND SIXTH
              Plaintiff,              QUARTERLY STATUS REPORT OF
14                                    RECEIVER, STEPHEN J. DONELL
        v.
15                                    [Notice of Filing submitted concurrently
    ROBERT YANG, et al.,              herewith]
16
              Defendants,             Ctrm: 10A
17                                    Judge Hon. Stephen V. Wilson
    YANROB'S MEDICAL, INC., et al.,
18
              Relief Defendants.
19

20     **TO ALL PARTIES, THEIR COUNSEL OF RECORD, AND THIS**

21  **HONORABLE COURT:**

22       In accordance with this Court's December 11, 2015 Preliminary Injunction,

23  Order Appointing Receiver, Freezing Assets, and Providing for Other Ancillary

24  Relief (the "Appointment Order") and Local Rules 66-7(c) & (d) and 6-1,

25  Stephen J. Donell, the Court-appointed Receiver ("Receiver") for Defendants

26  Suncor Fontana, LLC, Suncor Hesperia, LLC, Suncor Care Lynwood, LLC, and

27  their respective subsidiaries and affiliates (collectively, the "Receivership Entities"

28  or "Entities") hereby submits the following Extended and Sixth Quarterly Status

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

1136313.03/LA

SIXTH STATUS REPORT OF RECEIVER,
STEPHEN J. DONELL

Report (the "Report"), principally for the period from December 1, 2017 through October 31, 2018[1] (the "Reporting Period"):

## I.      PRELIMINARY STATEMENT.

During the Reporting Period, the Receiver's efforts were largely concentrated in three areas:  (1) identifying and recovering additional, available assets of the Receivership Entities ("Receivership Assets" Or "Assets"), largely via the sale of the Entities' one remaining real property Asset; (2) working to resolve all outstanding issues relating to the Court-approved claims and distribution process; and (3) making a substantial initial distribution on allowed claims.  Since the submission of the Receiver's Extended and Fifth Quarterly Report (Dkt. No. 216), the Receiver has:

- Continued to administer the estate of the Receivership Entities (the "Estate") and their Assets.  Based on the Receiver's most recent, finalized Standardized Fund Accounting Report ("SFAR"), ending August 31, 2018, the Estate is presently funded in the amount of $3,596,516.40, after the completion of an initial, interim distribution on allowed claims, discussed below;

- Resolved all issues arising in connection with the claim of Celtic Bank Corporation ("Celtic Bank") by stipulation, resulting in the Entities' retaining $400,000.00 from funds previously turned over by Celtic Bank;

- Completed an interim distribution on allowed claims against the Entities in the aggregate amount of $3,100,000.16, which distribution was completed in March 2018;

---

[1]   While the bulk of this Report addresses the period from December 1, 2017 through July 2018 (which period is also covered by an anticipated, forthcoming fee application by the Receiver and his professionals).  Of course, the Report also addresses key developments occurring after July 2018, though October 31, so as to provide the Court and interested parties with the most up-to-date information available as of the date of its filing.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1136313.03/LA                                                              -2-

SIXTH STATUS REPORT OF RECEIVER,
STEPHEN J. DONELL

- Successfully concluded the Court-approved sale of the Entities' sole remaining real property Asset, resulting in net proceeds in the amount of over $800,000, and bringing the total net proceeds from Estate real property assets to over $2.3 million;

- Continued to communicate with investors in and creditors of the Receivership Entities, and their respective counsel, regarding the status of the Receiver's Estate administration and Asset sale efforts, as well as any further distributions anticipated by the Receiver in connection with claims previously allowed by the Court; and

- Commenced the development of his final distribution and receivership wind-down plans, including initial calculations regarding the amount of his anticipated final distribution on allowed claims, along with the development of an anticipated timeline for making such distribution and petitioning the Court to terminate the present receivership, consistent with the administrative requirements of the Estate and the case administration priorities of the Plaintiff Securities and Exchange Commission (the "Commission").

A detailed summary of the Receiver's efforts during the Reporting Period, as well as his analysis, supplemental conclusions, and recommendations developed since the submission of his Extended and Fifth Quarterly Status Report, is presented below.[2]

## II.   RELEVANT PROCEDURAL HISTORY.

The Receiver invites the Court and interested parties to review the following materials[3] for a general summary of the relevant facts underlying the above-

---

[2]   Any omission from this Report of matters addressed in previous submissions by the Receiver does not reflect a determination that such matters are no longer pertinent or that any previously presented conclusions have been modified or withdrawn.

[3]   Materials are available on the Receiver's website, www.fedreceiver.com.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1136313.03/LA

-3-

SIXTH STATUS REPORT OF RECEIVER,
STEPHEN J. DONELL

captioned receivership case and the activities of the Receiver and the Receiver's professionals relevant to this Report:

- Commission's (the "Commission") Complaint, filed on November 19, 2015 (Dkt. No. 1);

- Appointment Order, entered by the Court on December 11, 2015 (Dkt. No. 18);

- Receiver's Initial Report, filed on December 23, 2015 (Dkt. No. 20);

- Order in Aid of Receivership, entered March 8, 2016 (Dkt. No. 46);

- Receiver's Ex Parte Application for Order to Show Cause why Celtic Bank Should not be Held in Civil Contempt (Dkt. Nos. 48-50);

- Receiver's First Quarterly Status Report, filed on April 18, 2016 (Dkt. No. 53);

- Minute Order instructing Celtic Bank to turn over funds to Receiver, entered on June 6, 2016 (Dkt. No. 83);

- Order Granting Stipulation to Amend Court's June 6, 2016 Minute Order, entered on June 22, 2016 (Dkt. No. 94);;

- Receiver's Second Quarterly Status Report (Dkt. Nos. 129-130);

- Motion for Order: (1) Approving Claim Form; (2) Setting Claims Bar Date; and (3) Establishing Summary Claims Procedures ("Claims Motion") (Dkt. No. 148);

- Order Granting Claims Motion (Dkt. No. 149);

- Receiver's Third Quarterly Status Report (Dkt. No. 150);

- Receiver's Notice of Claims Bar Date (Dkt. No. 158);

- Receiver's Fourth Quarterly Status Report (Dkt. No. 174);

- Receiver's Omnibus Motion for Order:  (1) Approving Receiver's Recommended Treatment of Claims; and (2) Authorizing Recommended Distribution on Allowed Claims (the "Claims Allowance Motion") (Dkt. Nos. 189-190);

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1136313.03/LA

-4-

SIXTH STATUS REPORT OF RECEIVER,
STEPHEN J. DONELL

- Receiver's Specific Objection to Proof of Claim of Celtic Bank (the Receiver's "Objection to Celtic Claim") (Dkt. No. 191);

- Opposition of Celtic Bank Corporation to Motion for Order on Recommended Treatment of Claims and Distributions by Receiver's Stephen Donell (as to Claim 133) (Dkt. Nos. 192-194);

- Reply of Receiver to Opposition of Celtic Bank Corporation to Motion for Order on Recommended Treatment of Claims and Distributions by Receiver's Stephen Donell (as to Claim 133) (Dkt. No. 194);

- Stipulation to Resolve Proof of Claim of Celtic Bank Corporation and to Vacate Hearing Thereon (Dkt. No. 205);

- Order on Stipulation to Resolve Proof of Claim of Celtic Bank Corporation and to Vacate Hearing Thereon (Dkt. No. 206);

- Order on Joint Motion for Relief from Litigation Stay (Dkt. No. 218);

- Order Granting Stipulation for Order on Receiver's Omnibus Motion for Order: (1) Approving Receiver's Recommended Treatment of Claims; and (2) Authorizing Recommended Distribution on Allowed Claims (Dkt. No. 222);

- Notice of Motion and Motion of Receiver, Stephen J. Donell, for Order Approving:  (1) Sale of Opal Property; (2) Overbid Procedures; and (3) Real Estate Broker's Commission (Dkt. Nos. 223-225); and

- Order Granting Motion of Receiver, Stephen J. Donell, for Order Approving:  (1) Sale of Opal Property; (2) Overbid Procedures; and (3) Real Estate Broker's Commission (Dkt. No. 227).

## III.   SUMMARY OF RECEIVER'S ACTIVITIES AND EFFORTS.

As noted above, during the Reporting Period, the Receiver focused largely on: (1) identifying and recovering additional, available assets of the Receivership Entities ("Receivership Assets" Or "Assets"), largely via the Court-approved marketing and sale of real property Assets; (2) resolving outstanding issues relating

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1136313.03/LA

-5-

SIXTH STATUS REPORT OF RECEIVER,
STEPHEN J. DONELL

1 │ to the Court-approved claims and distribution process; and (3) making a substantial

2 │ initial distribution on allowed claims.

3 │      **A.**     **Marshaling and Preserving Receivership Assets.**

4 │      From the inception of the instant receivership through the date of this Report,

5 │ the Receiver has recovered at least $8,355,437.94 ($9,955,437.94, including the

6 │ $1.6 million remitted to Celtic Bank, as discussed herein) for the benefit and

7 │ administration of the Receivership Entities.  During the Reporting Period, he

8 │ recovered over $822,000 for the administration and benefit of the Receivership

9 │ Entities.  This amount was largely derived from two sources:  (1) the sale of the real

10 │ property located at 11202 Opal Avenue, in the City of Redlands (the "Opal/Mentone

11 │ Property"); and (2) interest and other income on existing Assets.

12 │      As of August 31, 2018, the date through which his most current, finalized

13 │ SFAR runs, the Receiver had $3,596,516.40 on-hand for the benefit of the

14 │ Receivership Entities, after the completion of a $3.1 million distribution on allowed

15 │ claims, discussed in more detail, below.  All completed SFARs for the Reporting

16 │ Period are collectively attached hereto as **Exhibit 1**.

17 │      **B.**     **Addressing Remaining Asset Administration Issues.**

18 │      In addition to the issue of the Receiver's anticipated final distribution,

19 │ discussed below, during the Reporting Period, the Receiver worked to address and

20 │ resolve issues arising in connection with Celtic Bank's then-pending claim against

21 │ the Receivership Entities, and to account for Receivership Assets that might be

22 │ subject to apportionment with parties to the above-entitled action.

23 │      As to the Celtic Bank claim, Celtic Bank had objected to the Receiver's

24 │ recommended denial of its claim.  After an initial hearing and subsequent

25 │ submission of supplemental briefing, the Receiver met and conferred with counsel

26 │ for Celtic Bank and the Commission, conducted a detailed review of Celtic Bank's

27 │ arguments and evidence in support of its claim, along with a legal analysis of the

28 │ arguments for and against the claim, and determined, in his reasonable business

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1136313.03/LA

-6-

SIXTH STATUS REPORT OF RECEIVER,
STEPHEN J. DONELL

judgment to compromise on the claim.  That compromise was memorialized in a December 6, 2017 stipulation (Dkt. No. 205) and approved by the Court on December 7, 2017 (Dkt. No. 206).  Pursuant to the compromise, the Receiver was permitted to retain $400,000 of the funds previously turned over by Celtic Bank, with the remaining $1.6 million remitted to Celtic Bank in full satisfaction of its claim against the Receivership Entities.

With the resolution of the Celtic Bank claim, the only outstanding Asset administration issue, which persists as of the date of this Report, is the question of what, if any Assets recovered by the Receiver are subject to turnover or partial apportionment to Relief Defendant Yanrob's Medical, Inc. ("Yanrob").  As the Court may recall, while Yanrob is a Relief Defendant in the above-entitled action, the Receiver has confirmed that, other than its common control with the Receivership Entities, its principal relationship to the unlawful conduct alleged by the Commission derives from its having received over $1 million in funds improperly diverted from Entity investors, which funds were used to make substantial improvements to the building housing Defendant Yang's medical practice (the "Yanrob Property"), which property was earlier sold by Yanrob to a third party pursuant to an order from this Court.

Pursuant to the Court's September 15, 2016 Order Granting Stipulation for Order Authorizing Abandonment and Sale of Real Property (Dkt. No. 137), while the Yanrob Property was deemed abandoned by the receivership to permit a sale of the property from Yanrob to a third party, the Receiver retained a claim for repayment against Yanrob in the amount of at least $1,237,350.00.  Those funds have not been repaid.  However, more than $100,000 in funds held or frozen in accounts in Yanrob's name remain under the Receiver's authority or control. Counsel for Yanrob has recently requested that the Receiver consider releasing all or a portion of these funds and accounts.  A legal analysis conducted by the Receiver's counsel of record suggests that the Receiver may be entitled to set off all of the

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1136313.03/LA

-7-

SIXTH STATUS REPORT OF RECEIVER,
STEPHEN J. DONELL

1  funds under his authority or control against the Entities' unpaid claim against

2  Yanrob.[4]  However, to the extent that a compromise of the claim would eliminate or

3  substantially reduce further fees and expenses while permitting the Estate to retain

4  appropriate funds, the Receiver is amenable to considering a compromise, and has

5  directed his counsel to work with Yanrob's counsel to resolve this matter promptly.

6  ### C.   Distributions On Allowed Claims.

7  In accordance with an order from the Court (Dkt. No. 222), the Receiver has

8  completed an initial, interim distribution on all allowed claims against the

9  Receivership Entities, not including the $1.6 million remitted to Celtic Bank in

10  satisfaction of its claim.  All told, the Receiver has paid out just over $4.7 million to

11  holders with allowed claims, as of the date of this Report.

12  As noted above, the Receiver presently holds just under $3.6 million for the

13  benefit and administration of the Entities.  The Court has designated approximately

14  $155,000 of these funds to satisfy a so-called holdback on the Receiver's and his

15  professionals' prior interim fee and expense applications, and the Receiver and his

16  processionals anticipate submitting their last interim fee and expense applications,

17  totaling approximately $445,000 (for the period from April 1, 2017 through July 31,

18  2018), roughly contemporaneously with this Report.[5]

19  Assuming the Court grants the anticipated, forthcoming interim fee

20  applications of the Receiver and his professionals, and assuming that the Receiver

21  and his professionals do not incur more than a further $200,000 in fees and expenses

22  through the termination of the present receivership, approximately $2.65 -

23

24  [4]  This Court has broad discretion to apply the set-off doctrine for the benefit of the
     Receivership Entities.  See, e.g., In re Diplomat Elec., Inc., 499 F.2d 342, 346
25  (5th Cir. 1974); In re De Laurentiis Entm't Group, Inc., 963 F.2d 1269, 12277
     (9th Cir. 1992).  Where a fiduciary estate has a claim, even if unliquidated,
26  against a third party, that claim may be set-off against any funds requested from
     the estate by the third party.  Newbury Corp. v. Fireman's Fund Ins. Co., 95 F.3d
27  1392, 1399 (9th Cir. 1996).
     [5]  Pursuant to an agreement with the Commission, these applications will cover the
28  period from April 1, 2017 through July 31, 2018, and the Receiver is presently
     meeting and conferring with the Commission regarding these application.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

1136313.03/LA                                        -8-

SIXTH STATUS REPORT OF RECEIVER,
STEPHEN J. DONELL

$3 million may remain available for a final distribution on allowed claims, meaning that total distributions may range from $5.75 million to $6 million, or $7.35 million to $7.6 million, if one includes the $1.6 million remitted in satisfaction of the Celtic Bank claim.[6]  Accordingly, the Receiver and his professionals will continue to work diligently to minimize the administrative cost to the Estate, in anticipation of making a final distribution on allowed claims in that range.

At present, the Receiver is making preparations for his anticipated final distribution on allowed claims, which may not require any additional orders from the Court.  (See Dkt. No. 222 at ¶ 5.)  That said, the Receiver does expect to petition for Court approval of his final distribution amount, which will also include a reserve set-aside to cover unpaid administrative fees and costs.

Also, while the Receiver's initial distribution on allowed claims included, significantly, checks made payable to investors with allowed claims, many of these investors ultimately requested that the Receiver cancel those checks and instead remint payment via wire transfer.  Accordingly, the Receiver is working with investors and investor representatives to determine the best and most efficient means of making a final distribution to investors, the overwhelming majority of whom are located overseas.

## IV.  FURTHER RECEIVERSHIP ADMINISTRATION.

As noted above, the Receiver has completed his sale of all saleable Assets, made a distribution on allowed claims in the amount of approximately $3.1 million, satisfied the Celtic Bank claim via a remittance of $1.6 million, and is in the process of planning his final distribution on allowed claim.  In all, the Receiver anticipates distributing a total of more than $7 million to holders of allowed claims.

---

[6] This amount may be reduced very slightly in the event that the parties or the Court determine that a portion of the funds drawn from or frozen in accounts held in Yanrob's name should be remitted to Yanrob.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1136313.03/LA                                        -9-

SIXTH STATUS REPORT OF RECEIVER,
STEPHEN J. DONELL

Accordingly, the Receiver has determined that once a final distribution is completed, it will be appropriate to wind-up and close the receivership.  At that point, given that all saleable Assets will have been sold and all available funds distributed, further costs of administering the receivership will likely outweigh the benefits.

The Receiver therefore recommends that, once a final distribution is completed, he be permitted to present his final submissions to the Court in connection with the wind-down and termination of the instant receivership.  These materials typically consist of a final report and accounting, final fee and expense applications, and a formal motion to terminate the receivership and discharge and release the Receiver.  The Receiver will coordinate with the Commission to ensure that such materials are submitted on a schedule consistent with the Commission's case administration requirements, and will ensure that the Court remains properly updated on all developments, including via the submission of additional Interim Reports, as necessary.

## V.   <u>CONCLUSION AND PETITION FOR FURTHER INSTRUCTIONS.</u>

Based on the information presented above, the Receiver respectfully requests that this Court enter an order:

1.   Accepting the instant Report, including the recommendations and conclusions presented therein;

2.   Authorizing the Receiver to continue to administer the Receivership Entities and their estate in accordance with the terms of the Appointment Order and the Receiver's recommendations;

4.   Authorizing the Receiver to undertake the recommended courses of action addressed herein; and

\\\

\\\

\\\

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1136313.03/LA

-10-

SIXTH STATUS REPORT OF RECEIVER,
STEPHEN J. DONELL

5. Providing such other and further relief as the Court deems necessary and appropriate.

Dated:  November 5, 2018                ALLEN MATKINS LECK GAMBLE
                                         MALLORY & NATSIS LLP
                                        DAVID R. ZARO
                                        JOSHUA A. DEL CASTILLO
                                        MELISSA K. ZONNE


                                        By:      /s/     *Joshua A. del Castillo*
                                          JOSHUA A. DEL CASTILLO
                                          Attorneys for Receiver
                                          STEPHEN J. DONELL

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

1136313.03/LA                                -11-

SIXTH STATUS REPORT OF RECEIVER,
STEPHEN J. DONELL

1

## **<u>VERIFICATION</u>**

2      I have read the foregoing EXTENDED AND SIXTH QUARTERLY

3 STATUS REPORT AND PETITION FOR INSTRUCTIONS OF RECEIVER,

4 STEPHEN J. DONELL, and know its contents.

5      I am the Receiver appointed in the above-entitled action.  I believe the matters

6 stated in the foregoing document are true, to the best of my current knowledge.

7

8      Executed on November 5, 2018, at Los Angeles, California.

9

10

11

Stephen J. Donell, Receiver

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

1136313.03/LA

-12-

SIXTH STATUS REPORT OF RECEIVER,
STEPHEN J. DONELL

**Standardized Fund Accounting Report for Suncor Receivership Estate- Cash Basis**
**Receivership; Civil Court Docket No. 5:15-cv-02387-SVW (KKx)**
**Reporting Period 12/1/17-12/31/17**

| Fund Accounting: | Detail | Subtotal | Grand Total |
|---|---|---|---|
| Beginning Balance: | | | 7,583,719.64 |
| | | | |
| **Increases in Fund Balance:** | | | |
| | | | |
| Business Income | | | |
| Cash and Securities | | | |
| Interest/Dividend Income | 881.14 | | |
| Business Asset Liquidation | - | | |
| Personal Asset Liquidation | | | |
| Third-Party Litigation Income | - | | |
| Miscellaneous- Funds Turned Over by Celtic Bank | - | | |
| Total Funds Available: | | | 7,584,600.78 |
| | | | |
| **Decreases in Fund Balance:** | | | |
| | | | |
| Disbursements to Investors | | | - |
| | | | |
| Disbursements for Receivership Operations | | | |
| *Disbursements to Receiver or Other Professionals* | - | | |
| *Business Asset Expenses* | 993.20 | | |
| *Personal Asset Expenses* | | | |
| *Investment Expenses* | 140.00 | | |
| *Third-Party Litigation Expenses* | | | |
| 1. Attorney Fees | - | | |
| 2. Litigation Expenses | 1,600,000.00 | | |
| *Total Third-Party Litigation Expenses* | | 1,600,000.00 | |
| *Tax Administrator Fees and Bonds* | - | | |
| *Federal and State Tax Payments* | - | | |
| Total Disbursements for Receivership Operations | | | 1,601,133.20 |
| | | | |
| Disbursements for Distribution Expenses Paid by the Fund: | | | |
| *Distribution Plan Development Expenses:* | | | |
| 1. Fees: | | | |
| Fund Administrator............................................... | - | | |
| Independent Distribution Consultant (IDC)........... | - | | |
| Distribution Agent.............................................. | - | | |
| Consultants........................................................ | - | | |
| Legal Advisers................................................... | - | | |
| Tax Advisers...................................................... | - | | |
| 2. Administrative Expenses | - | | |
| 3. Miscellaneous | - | | |
| *Total Plan Development Expenses* | | - | |
| | | | |
| *Distribution Plan Implementation Expenses:* | | | |
| 1. Fees: | | | |
| Fund Administrator............................................... | - | | |
| Independent Distribution Consultant (IDC)........... | - | | |
| Distribution Agent.............................................. | - | | |
| Consultants........................................................ | - | | |
| Legal Advisers................................................... | - | | |
| Tax Advisers...................................................... | - | | |
| 2. Administrative Expenses | - | | |
| 3. Investor Identification: | | | |
| Notice/Publishing Approved Plan........................ | - | | |
| Claimant Identification........................................ | - | | |
| Claims Processing.............................................. | - | | |
| Web Site Maintenance/Call Center....................... | - | | |
| 4. Fund Administrator Bond | - | | |
| 5. Miscellaneous | - | | |
| 6. Federal Account for Investor Restitution | - | | |
| (FAIR) Reporting Expenses | | | |
| *Total Plan Implementation Expenses* | | - | |
| Total Disbursements for Distribution Expenses Paid by the Fund | | | - |
| | | | |
| Disbursements to Court/Other: | | | |
| *Investment Expenses/Court Registry Investment* | | | |
| *System (CRIS) Fees* | - | | |
| *Federal Tax Payments* | - | | |
| Total Disbursements to Court/Other: | | | - |
| Total Funds Disbursed: | | | 1,601,133.20 |
| | | | |
| Ending Balance (As of 12/31/2017): | | | 5,983,467.58 |

Note:
*Celtic Bank was paid their settlement on 12/13/17 (see third party expense item 2)*

Receiver:
By: _____
      (Signature)
Stephen J. Donell
      (Printed Name)

Date: _____

Exhibit 1
Page 13

**Standardized Fund Accounting Report for Suncor Receivership Estate- Cash Basis**
Receivership; Civil Court Docket No. 5:15-cv-02387-SVW (KKx)
Reporting Period 1/1/18-1/31/18

| Fund Accounting: | Detail | Subtotal | Grand Total |
|---|---|---|---|
| Beginning Balance: | | | 5,983,467.58 |
| | | | |
| **Increases in Fund Balance:** | | | |
| | | | |
| Business Income | | | |
| Cash and Securities | | | |
| Interest/Dividend Income | 868.08 | | |
| Business Asset Liquidation | - | | |
| Personal Asset Liquidation | | | |
| Third-Party Litigation Income | - | | |
| Miscellaneous- Funds Turned Over by Celtic Bank | - | | |
| Total Funds Available: | | | 5,984,335.66 |
| | | | |
| **Decreases in Fund Balance:** | | | |
| | | | |
| Disbursements to Investors | | | - |
| | | | |
| Disbursements for Receivership Operations | | | |
| *Disbursements to Receiver or Other Professionals* | - | | |
| *Business Asset Expenses* | (4,444.78) | | |
| *Personal Asset Expenses* | | | |
| *Investment Expenses* | 140.00 | | |
| *Third-Party Litigation Expenses* | | | |
| 1. Attorney Fees | - | | |
| 2. Litigation Expenses | - | | |
| *Total Third-Party Litigation Expenses* | | - | |
| *Tax Administrator Fees and Bonds* | - | | |
| *Federal and State Tax Payments* | - | | |
| Total Disbursements for Receivership Operations | | | (4,304.78) |
| | | | |
| Disbursements for Distribution Expenses Paid by the Fund: | | | |
| *Distribution Plan Development Expenses:* | | | |
| 1. Fees: | | | |
| Fund Administrator................................................. | - | | |
| Independent Distribution Consultant (IDC)........... | - | | |
| Distribution Agent................................................. | - | | |
| Consultants............................................................ | - | | |
| Legal Advisers....................................................... | - | | |
| Tax Advisers.......................................................... | - | | |
| 2. Administrative Expenses | - | | |
| 3. Miscellaneous | - | | |
| *Total Plan Development Expenses* | | - | |
| | | | |
| *Distribution Plan Implementation Expenses:* | | | |
| 1. Fees: | | | |
| Fund Administrator................................................. | - | | |
| Independent Distribution Consultant (IDC)........... | - | | |
| Distribution Agent................................................. | - | | |
| Consultants............................................................ | - | | |
| Legal Advisers....................................................... | - | | |
| Tax Advisers.......................................................... | - | | |
| 2. Administrative Expenses | - | | |
| 3. Investor Identification: | | | |
| Notice/Publishing Approved Plan........................... | - | | |
| Claimant Identification........................................... | - | | |
| Claims Processing.................................................. | - | | |
| Web Site Maintenance/Call Center......................... | - | | |
| 4. Fund Administrator Bond | - | | |
| 5. Miscellaneous | - | | |
| 6. Federal Account for Investor Restitution | - | | |
| (FAIR) Reporting Expenses | | | |
| *Total Plan Implementation Expenses* | | - | |
| Total Disbursements for Distribution Expenses Paid by the Fund | | | - |
| | | | |
| Disbursements to Court/Other: | | | |
| *Investment Expenses/Court Registry Investment* | | | |
| *System (CRIS) Fees* | - | | |
| *Federal Tax Payments* | - | | |
| Total Disbursements to Court/Other: | | | - |
| Total Funds Disbursed: | | | (4,304.78) |
| | | | |
| Ending Balance (As of 1/31/2018): | | | 5,988,640.44 |

Note:
*Refund was from property tax and insurance.*

Receiver:
By:_____
      (Signature)
Stephen J. Donell
      (Printed Name)

Date: _____

Exhibit 1
Page 14

**Standardized Fund Accounting Report for Suncor Receivership Estate- Cash Basis**
Receivership; Civil Court Docket No. 5:15-cv-02387-SVW (KKx)
Reporting Period 2/1/18-2/28/18

Fund Accounting:

| | Detail | Subtotal | Grand Total |
|---|---|---|---|
| Beginning Balance: | | | |
| | | | 5,988,640.44 |
| **Increases in Fund Balance:** | | | |
| Business Income | | | |
| Cash and Securities | | | |
| Interest/Dividend Income | 750.13 | | |
| Business Asset Liquidation | - | | |
| Personal Asset Liquidation | | | |
| Third-Party Litigation Income | - | | |
| Miscellaneous- Funds Turned Over by Celtic Bank | - | | |
| Total Funds Available: | | | 5,989,390.57 |
| **Decreases in Fund Balance:** | | | |
| Disbursements to Investors | | | - |
| Disbursements for Receivership Operations | | | |
| *Disbursements to Receiver or Other Professionals* | 42,099.49 | | |
| *Business Asset Expenses* | - | | |
| *Personal Asset Expenses* | | | |
| *Investment Expenses* | 140.00 | | |
| *Third-Party Litigation Expenses* | | | |
| 1. Attorney Fees | - | | |
| 2. Litigation Expenses | - | | |
| *Total Third-Party Litigation Expenses* | | - | |
| *Tax Administrator Fees and Bonds* | 69,955.44 | | |
| *Federal and State Tax Payments* | - | | |
| Total Disbursements for Receivership Operations | | | 112,194.93 |
| Disbursements for Distribution Expenses Paid by the Fund: | | | |
| *Distribution Plan Development Expenses:* | | | |
| 1. Fees: | | | |
| Fund Administrator............................................. | - | | |
| Independent Distribution Consultant (IDC)........... | - | | |
| Distribution Agent............................................. | - | | |
| Consultants...................................................... | - | | |
| Legal Advisers.................................................. | - | | |
| Tax Advisers.................................................... | - | | |
| 2. Administrative Expenses | - | | |
| 3. Miscellaneous | - | | |
| *Total Plan Development Expenses* | | - | |
| *Distribution Plan Implementation Expenses:* | | | |
| 1. Fees: | | | |
| Fund Administrator............................................. | - | | |
| Independent Distribution Consultant (IDC)........... | - | | |
| Distribution Agent............................................. | - | | |
| Consultants...................................................... | - | | |
| Legal Advisers.................................................. | - | | |
| Tax Advisers.................................................... | - | | |
| 2. Administrative Expenses | - | | |
| 3. Investor Identification: | | | |
| Notice/Publishing Approved Plan........................... | - | | |
| Claimant Identification........................................ | - | | |
| Claims Processing............................................. | - | | |
| Web Site Maintenance/Call Center......................... | - | | |
| 4. Fund Administrator Bond | - | | |
| 5. Miscellaneous | - | | |
| 6. Federal Account for Investor Restitution | - | | |
| (FAIR) Reporting Expenses | | | |
| *Total Plan Implementation Expenses* | | - | |
| Total Disbursements for Distribution Expenses Paid by the Fund | | | - |
| Disbursements to Court/Other: | | | |
| *Investment Expenses/Court Registry Investment System (CRIS) Fees* | - | | |
| *Federal Tax Payments* | - | | |
| Total Disbursements to Court/Other: | | | - |
| Total Funds Disbursed: | | | 112,194.93 |
| Ending Balance (As of 2/28/2018): | | | 5,877,195.64 |

Receiver:

By:_____
      (Signature)
Stephen J. Donell
      (Printed Name)

Date: _____

**Exhibit 1**
**Page 15**

**Standardized Fund Accounting Report for Suncor Receivership Estate- Cash Basis**
Receivership; Civil Court Docket No. 5:15-cv-02387-SVW (KKx)
Reporting Period 3/1/18-3/31/18

| Fund Accounting: | Detail | Subtotal | Grand Total |
|---|---|---|---|
| Beginning Balance: | | | 5,877,195.64 |
| | | | |
| **Increases in Fund Balance:** | | | |
| | | | |
| Business Income | | | |
| Cash and Securities | | | |
| Interest/Dividend Income | 538.02 | | |
| Business Asset Liquidation | - | | |
| Personal Asset Liquidation | | | |
| Third-Party Litigation Income | - | | |
| Miscellaneous- Funds Turned Over by Celtic Bank | - | | |
| Total Funds Available: | | | 5,877,733.66 |
| | | | |
| **Decreases in Fund Balance:** | | | |
| | | | |
| Disbursements to Investors | 3,100,000.16 | | 3,100,000.16 |
| | | | |
| Disbursements for Receivership Operations | | | |
| *Disbursements to Receiver or Other Professionals* | 1,216.00 | | |
| *Business Asset Expenses* | (1,263.79) | | |
| *Personal Asset Expenses* | | | |
| *Investment Expenses* | 150.00 | | |
| *Third-Party Litigation Expenses* | | | |
| 1. Attorney Fees | - | | |
| 2. Litigation Expenses | - | | |
| *Total Third-Party Litigation Expenses* | | - | |
| *Tax Administrator Fees and Bonds* | - | | |
| *Federal and State Tax Payments* | - | | |
| Total Disbursements for Receivership Operations | | | 102.21 |
| | | | |
| Disbursements for Distribution Expenses Paid by the Fund: | | | |
| *Distribution Plan Development Expenses:* | | | |
| 1. Fees: | | | |
| Fund Administrator............................................ | - | | |
| Independent Distribution Consultant (IDC)........... | - | | |
| Distribution Agent............................................ | - | | |
| Consultants..................................................... | - | | |
| Legal Advisers................................................. | - | | |
| Tax Advisers.................................................... | - | | |
| 2. Administrative Expenses | - | | |
| 3. Miscellaneous | - | | |
| *Total Plan Development Expenses* | | - | |
| | | | |
| *Distribution Plan Implementation Expenses:* | | | |
| 1. Fees: | | | |
| Fund Administrator............................................ | - | | |
| Independent Distribution Consultant (IDC)........... | - | | |
| Distribution Agent............................................ | - | | |
| Consultants..................................................... | - | | |
| Legal Advisers................................................. | - | | |
| Tax Advisers.................................................... | - | | |
| 2. Administrative Expenses | - | | |
| 3. Investor Identification: | | | |
| Notice/Publishing Approved Plan........................ | - | | |
| Claimant Identification...................................... | - | | |
| Claims Processing............................................ | - | | |
| Web Site Maintenance/Call Center...................... | - | | |
| 4. Fund Administrator Bond | - | | |
| 5. Miscellaneous | - | | |
| 6. Federal Account for Investor Restitution | - | | |
| (FAIR) Reporting Expenses | | | |
| *Total Plan Implementation Expenses* | | - | |
| Total Disbursements for Distribution Expenses Paid by the Fund | | | - |
| | | | |
| Disbursements to Court/Other: | | | |
| *Investment Expenses/Court Registry Investment* | | | |
| *System (CRIS) Fees* | - | | |
| *Federal Tax Payments* | - | | |
| Total Disbursements to Court/Other: | | | - |
| Total Funds Disbursed: | | | 3,100,102.37 |
| | | | |
| Ending Balance (As of 3/31/2018): | | | 2,777,631.29 |

Note:
*Refund was from insurance on Lynwood property.*

Receiver:
By:_____
        (Signature)
Stephen J. Donell
        (Printed Name)

Date: _____

**Exhibit 1**
**Page 16**

**Standardized Fund Accounting Report for Suncor Receivership Estate- Cash Basis**
**Receivership; Civil Court Docket No. 5:15-cv-02387-SVW (KKx)**
**Reporting Period 4/1/18-4/30/18**

| Fund Accounting: | Detail | Subtotal | Grand Total |
|---|---|---|---|
| Beginning Balance: | | | |
| | | | 2,777,631.29 |
| **Increases in Fund Balance:** | | | |
| Business Income | | | |
| Cash and Securities | | | |
| Interest/Dividend Income | 588.94 | | |
| Business Asset Liquidation | 763.46 | | |
| Personal Asset Liquidation | | | |
| Third-Party Litigation Income | - | | |
| Miscellaneous- Funds Turned Over by Celtic Bank | - | | |
| Total Funds Available: | | | 2,778,983.69 |
| **Decreases in Fund Balance:** | | | |
| Disbursements to Investors | | - | - |
| Disbursements for Receivership Operations | | | |
| *Disbursements to Receiver or Other Professionals* | - | | |
| *Business Asset Expenses* | | | |
| *Personal Asset Expenses* | | | |
| *Investment Expenses* | 150.00 | | |
| *Third-Party Litigation Expenses* | | | |
| 1. Attorney Fees | - | | |
| 2. Litigation Expenses | - | | |
| *Total Third-Party Litigation Expenses* | | - | |
| *Tax Administrator Fees and Bonds* | - | | |
| *Federal and State Tax Payments* | - | | |
| Total Disbursements for Receivership Operations | | | 150.00 |
| Disbursements for Distribution Expenses Paid by the Fund: | | | |
| *Distribution Plan Development Expenses:* | | | |
| 1. Fees: | | | |
| Fund Administrator............................................... | - | | |
| Independent Distribution Consultant (IDC)............ | - | | |
| Distribution Agent................................................. | - | | |
| Consultants.......................................................... | - | | |
| Legal Advisers...................................................... | - | | |
| Tax Advisers......................................................... | - | | |
| 2. Administrative Expenses | - | | |
| 3. Miscellaneous | - | | |
| *Total Plan Development Expenses* | | - | |
| *Distribution Plan Implementation Expenses:* | | | |
| 1. Fees: | | | |
| Fund Administrator............................................... | - | | |
| Independent Distribution Consultant (IDC)............ | - | | |
| Distribution Agent................................................. | - | | |
| Consultants.......................................................... | - | | |
| Legal Advisers...................................................... | - | | |
| Tax Advisers......................................................... | - | | |
| 2. Administrative Expenses | - | | |
| 3. Investor Identification: | | | |
| Notice/Publishing Approved Plan........................... | - | | |
| Claimant Identification.......................................... | - | | |
| Claims Processing................................................. | - | | |
| Web Site Maintenance/Call Center......................... | - | | |
| 4. Fund Administrator Bond | - | | |
| 5. Miscellaneous | - | | |
| 6. Federal Account for Investor Restitution | - | | |
| (FAIR) Reporting Expenses | | | |
| *Total Plan Implementation Expenses* | | - | |
| Total Disbursements for Distribution Expenses Paid by the Fund | | | - |
| Disbursements to Court/Other: | | | |
| *Investment Expenses/Court Registry Investment* | | | |
| *System (CRIS) Fees* | - | | |
| *Federal Tax Payments* | - | | |
| Total Disbursements to Court/Other: | | | - |
| Total Funds Disbursed: | | | 150.00 |
| Ending Balance (As of 4/30/2018): | | | 2,778,833.69 |

Note:
*Deposit of payments into the Yanrob bank account.*

Receiver:
By: _____
    (Signature)
Stephen J. Donell
    (Printed Name)

Date: _____

**Exhibit 1**
**Page 17**

**Standardized Fund Accounting Report for Suncor Receivership Estate- Cash Basis**
**Receivership; Civil Court Docket No. 5:15-cv-02387-SVW (KKx)**
**Reporting Period 5/1/18-5/31/18**

| Fund Accounting: | Detail | Subtotal | Grand Total |
|---|---|---|---|
| Beginning Balance: | | | 2,778,833.69 |
| **Increases in Fund Balance:** | | | |
| Business Income | | | |
| Cash and Securities | | | |
| Interest/Dividend Income | 72.37 | | |
| Business Asset Liquidation | 961.30 | | |
| Personal Asset Liquidation | | | |
| Third-Party Litigation Income | - | | |
| Miscellaneous- Funds Turned Over by Celtic Bank | - | | |
| Total Funds Available: | | | 2,779,867.36 |
| **Decreases in Fund Balance:** | | | |
| Disbursements to Investors | - | | - |
| Disbursements for Receivership Operations | | | |
| *Disbursements to Receiver or Other Professionals* | 1,120.00 | | |
| *Business Asset Expenses* | - | | |
| *Personal Asset Expenses* | | | |
| *Investment Expenses* | 120.00 | | |
| *Third-Party Litigation Expenses* | | | |
| 1. Attorney Fees | - | | |
| 2. Litigation Expenses | - | | |
| *Total Third-Party Litigation Expenses* | | - | |
| *Tax Administrator Fees and Bonds* | - | | |
| *Federal and State Tax Payments* | - | | |
| Total Disbursements for Receivership Operations | | | 1,240.00 |
| Disbursements for Distribution Expenses Paid by the Fund: | | | |
| *Distribution Plan Development Expenses:* | | | |
| 1. Fees: | | | |
| Fund Administrator............................................ | - | | |
| Independent Distribution Consultant (IDC)............ | - | | |
| Distribution Agent............................................ | - | | |
| Consultants..................................................... | - | | |
| Legal Advisers................................................. | - | | |
| Tax Advisers................................................... | - | | |
| 2. Administrative Expenses | - | | |
| 3. Miscellaneous | - | | |
| *Total Plan Development Expenses* | | - | |
| *Distribution Plan Implementation Expenses:* | | | |
| 1. Fees: | | | |
| Fund Administrator............................................ | - | | |
| Independent Distribution Consultant (IDC)............ | - | | |
| Distribution Agent............................................ | - | | |
| Consultants..................................................... | - | | |
| Legal Advisers................................................. | - | | |
| Tax Advisers................................................... | - | | |
| 2. Administrative Expenses | - | | |
| 3. Investor Identification: | | | |
| Notice/Publishing Approved Plan......................... | - | | |
| Claimant Identification....................................... | - | | |
| Claims Processing............................................. | - | | |
| Web Site Maintenance/Call Center........................ | - | | |
| 4. Fund Administrator Bond | - | | |
| 5. Miscellaneous | - | | |
| 6. Federal Account for Investor Restitution | - | | |
| (FAIR) Reporting Expenses | | | |
| *Total Plan Implementation Expenses* | | - | |
| Total Disbursements for Distribution Expenses Paid by the Fund | | | - |
| Disbursements to Court/Other: | | | |
| *Investment Expenses/Court Registry Investment* | | | |
| *System (CRIS) Fees* | - | | |
| *Federal Tax Payments* | - | | |
| Total Disbursements to Court/Other: | | | - |
| Total Funds Disbursed: | | | 1,240.00 |
| Ending Balance (As of 5/31/2018): | | | 2,778,627.36 |

Note:
*Deposit of payments into the Yanrob bank account.*

Receiver:
By: _____
(Signature)
Stephen J. Donell
(Printed Name)

Date: _____

**Exhibit 1**
**Page 18**

**Standardized Fund Accounting Report for Suncor Receivership Estate- Cash Basis**
**Receivership; Civil Court Docket No. 5:15-cv-02387-SVW (KKx)**
**Reporting Period 6/1/18-6/30/18**

Fund Accounting:

| | Detail | Subtotal | Grand Total |
|---|---|---|---|
| Beginning Balance: | | | 2,778,627.36 |
| | | | |
| **Increases in Fund Balance:** | | | |
| | | | |
| Business Income | | | |
| Cash and Securities | | | |
| Interest/Dividend Income | 10,152.34 | | |
| Business Asset Liquidation | | | |
| Personal Asset Liquidation | | | |
| Third-Party Litigation Income | - | | |
| Miscellaneous- Funds Turned Over by Celtic Bank | - | | |
| Total Funds Available: | | | 2,788,779.70 |
| | | | |
| **Decreases in Fund Balance:** | | | |
| | | | |
| Disbursements to Investors | - | | - |
| | | | |
| Disbursements for Receivership Operations | | | |
| *Disbursements to Receiver or Other Professionals* | | | |
| *Business Asset Expenses* | - | | |
| *Personal Asset Expenses* | | | |
| *Investment Expenses* | 170.00 | | |
| *Third-Party Litigation Expenses* | | | |
| 1. Attorney Fees | - | | |
| 2. Litigation Expenses | - | | |
| *Total Third-Party Litigation Expenses* | | - | |
| *Tax Administrator Fees and Bonds* | - | | |
| *Federal and State Tax Payments* | - | | |
| Total Disbursements for Receivership Operations | | | 170.00 |
| | | | |
| Disbursements for Distribution Expenses Paid by the Fund: | | | |
| *Distribution Plan Development Expenses:* | | | |
| 1. Fees: | | | |
| Fund Administrator............................................... | - | | |
| Independent Distribution Consultant (IDC)............ | - | | |
| Distribution Agent.................................................. | - | | |
| Consultants........................................................... | - | | |
| Legal Advisers....................................................... | - | | |
| Tax Advisers.......................................................... | - | | |
| 2. Administrative Expenses | - | | |
| 3. Miscellaneous | - | | |
| *Total Plan Development Expenses* | | - | |
| | | | |
| *Distribution Plan Implementation Expenses:* | | | |
| 1. Fees: | | | |
| Fund Administrator............................................... | - | | |
| Independent Distribution Consultant (IDC)............ | - | | |
| Distribution Agent.................................................. | - | | |
| Consultants........................................................... | - | | |
| Legal Advisers....................................................... | - | | |
| Tax Advisers.......................................................... | - | | |
| 2. Administrative Expenses | - | | |
| 3. Investor Identification: | | | |
| Notice/Publishing Approved Plan........................... | - | | |
| Claimant Identification........................................... | - | | |
| Claims Processing.................................................. | - | | |
| Web Site Maintenance/Call Center......................... | - | | |
| 4. Fund Administrator Bond | - | | |
| 5. Miscellaneous | - | | |
| 6. Federal Account for Investor Restitution | - | | |
| (FAIR) Reporting Expenses | | | |
| *Total Plan Implementation Expenses* | | - | |
| Total Disbursements for Distribution Expenses Paid by the Fund | | | - |
| | | | |
| Disbursements to Court/Other: | | | |
| *Investment Expenses/Court Registry Investment* | | | |
| *System (CRIS) Fees* | - | | |
| *Federal Tax Payments* | - | | |
| Total Disbursements to Court/Other: | | | - |
| Total Funds Disbursed: | | | 170.00 |
| | | | |
| Ending Balance (As of 6/30/2018): | | | 2,788,609.70 |

Receiver:
By:_____
(Signature)
Stephen J. Donell
_____
(Printed Name)

Date: _____

**Exhibit 1**
**Page 19**

**Standardized Fund Accounting Report for Suncor Receivership Estate- Cash Basis**
**Receivership; Civil Court Docket No. 5:15-cv-02387-SVW (KKx)**
**Reporting Period 7/1/18-7/31/18**

| Fund Accounting: | Detail | Subtotal | Grand Total |
|---|---|---|---|
| Beginning Balance: | | | |
| | | | 2,788,609.70 |
| **Increases in Fund Balance:** | | | |
| Business Income | | | |
| Cash and Securities | | | |
| Interest/Dividend Income | 398.18 | | |
| Business Asset Liquidation | 807,340.33 | | |
| Personal Asset Liquidation | | | |
| Third-Party Litigation Income | - | | |
| Miscellaneous- Funds Turned Over by Celtic Bank | - | | |
| Total Funds Available: | | | 3,596,348.21 |
| **Decreases in Fund Balance:** | | | |
| Disbursements to Investors | - | | - |
| Disbursements for Receivership Operations | | | |
| *Disbursements to Receiver or Other Professionals* | | | |
| *Business Asset Expenses* | - | | |
| *Personal Asset Expenses* | | | |
| *Investment Expenses* | 120.00 | | |
| *Third-Party Litigation Expenses* | | | |
| 1. Attorney Fees | - | | |
| 2. Litigation Expenses | - | | |
| *Total Third-Party Litigation Expenses* | | - | |
| *Tax Administrator Fees and Bonds* | - | | |
| *Federal and State Tax Payments* | - | | |
| Total Disbursements for Receivership Operations | | | 120.00 |
| Disbursements for Distribution Expenses Paid by the Fund: | | | |
| *Distribution Plan Development Expenses:* | | | |
| 1. Fees: | | | |
| Fund Administrator................................ | - | | |
| Independent Distribution Consultant (IDC)........... | - | | |
| Distribution Agent.............................. | - | | |
| Consultants..................................... | - | | |
| Legal Advisers.................................. | - | | |
| Tax Advisers.................................... | - | | |
| 2. Administrative Expenses | - | | |
| 3. Miscellaneous | - | | |
| *Total Plan Development Expenses* | | - | |
| *Distribution Plan Implementation Expenses:* | | | |
| 1. Fees: | | | |
| Fund Administrator............................ | - | | |
| Independent Distribution Consultant (IDC).......... | - | | |
| Distribution Agent............................. | - | | |
| Consultants.................................... | - | | |
| Legal Advisers................................. | - | | |
| Tax Advisers.................................. | - | | |
| 2. Administrative Expenses | - | | |
| 3. Investor Identification: | | | |
| Notice/Publishing Approved Plan............... | - | | |
| Claimant Identification........................ | - | | |
| Claims Processing............................. | - | | |
| Web Site Maintenance/Call Center.............. | - | | |
| 4. Fund Administrator Bond | - | | |
| 5. Miscellaneous | - | | |
| 6. Federal Account for Investor Restitution (FAIR) Reporting Expenses | - | | |
| *Total Plan Implementation Expenses* | | - | |
| Total Disbursements for Distribution Expenses Paid by the Fund | | | - |
| Disbursements to Court/Other: | | | |
| *Investment Expenses/Court Registry Investment System (CRIS) Fees* | - | | |
| *Federal Tax Payments* | - | | |
| Total Disbursements to Court/Other: | | | - |
| Total Funds Disbursed: | | | 120.00 |
| Ending Balance (As of 7/31/2018): | | | 3,596,228.21 |

Noe: Business asset is sale proceeds of Mentone property.

Receiver:

By:_____
(Signature)

Stephen J. Donell
(Printed Name)

Date: _____

Exhibit 1
Page 20

**Standardized Fund Accounting Report for Suncor Receivership Estate- Cash Basis**
**Receivership; Civil Court Docket No. 5:15-cv-02387-SVW (KKx)**
**Reporting Period 8/1/18-8/31/18**

| Fund Accounting: | Detail | Subtotal | Grand Total |
|---|---|---|---|
| Beginning Balance: | | | 3,596,228.21 |
| **Increases in Fund Balance:** | | | |
| Business Income | | | |
| Cash and Securities | | | |
| Interest/Dividend Income | 2,648.19 | | |
| Business Asset Liquidation | - | | |
| Personal Asset Liquidation | - | | |
| Third-Party Litigation Income | - | | |
| Miscellaneous- Funds Turned Over by Celtic Bank | - | | |
| Total Funds Available: | | | 3,598,876.40 |
| **Decreases in Fund Balance:** | | | |
| Disbursements to Investors | - | | - |
| Disbursements for Receivership Operations | | | |
| *Disbursements to Receiver or Other Professionals* | 2,240.00 | | |
| *Business Asset Expenses* | - | | |
| *Personal Asset Expenses* | | | |
| *Investment Expenses* | 120.00 | | |
| *Third-Party Litigation Expenses* | | | |
| 1. Attorney Fees | - | | |
| 2. Litigation Expenses | - | | |
| *Total Third-Party Litigation Expenses* | | - | |
| *Tax Administrator Fees and Bonds* | - | | |
| *Federal and State Tax Payments* | - | | |
| Total Disbursements for Receivership Operations | | | 2,360.00 |
| Disbursements for Distribution Expenses Paid by the Fund: | | | |
| *Distribution Plan Development Expenses:* | | | |
| 1. Fees: | | | |
| Fund Administrator............................................... | - | | |
| Independent Distribution Consultant (IDC)........... | - | | |
| Distribution Agent.............................................. | - | | |
| Consultants....................................................... | - | | |
| Legal Advisers................................................... | - | | |
| Tax Advisers...................................................... | - | | |
| 2. Administrative Expenses | - | | |
| 3. Miscellaneous | - | | |
| *Total Plan Development Expenses* | | - | |
| *Distribution Plan Implementation Expenses:* | | | |
| 1. Fees: | | | |
| Fund Administrator............................................... | - | | |
| Independent Distribution Consultant (IDC)........... | - | | |
| Distribution Agent.............................................. | - | | |
| Consultants....................................................... | - | | |
| Legal Advisers................................................... | - | | |
| Tax Advisers...................................................... | - | | |
| 2. Administrative Expenses | - | | |
| 3. Investor Identification: | | | |
| Notice/Publishing Approved Plan........................... | - | | |
| Claimant Identification........................................ | - | | |
| Claims Processing.............................................. | - | | |
| Web Site Maintenance/Call Center......................... | - | | |
| 4. Fund Administrator Bond | - | | |
| 5. Miscellaneous | - | | |
| 6. Federal Account for Investor Restitution | - | | |
| (FAIR) Reporting Expenses | | | |
| *Total Plan Implementation Expenses* | | - | |
| Total Disbursements for Distribution Expenses Paid by the Fund | | | - |
| Disbursements to Court/Other: | | | |
| *Investment Expenses/Court Registry Investment* | | | |
| *System (CRIS) Fees* | - | | |
| *Federal Tax Payments* | - | | |
| Total Disbursements to Court/Other: | | | - |
| Total Funds Disbursed: | | | 2,360.00 |
| Ending Balance (As of 8/31/2018): | | | 3,596,516.40 |

Receiver:

By:_____

(Signature)

Stephen J. Donell
_____

(Printed Name)

Date: _____

Exhibit 1
Page 21

# PROOF OF SERVICE

*Securities and Exchange Commission v. Robert Yang, Suncor Fontana, et al.*
USDC, Central District of California – Case No. 5:15-cv-02387-SVW (KKx)

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 865 S. Figueroa Street, Suite 2800, Los Angeles, California 90017-2543.

A true and correct copy of the foregoing document(s) described below will be served in the manner indicated below:

**EXTENDED AND SIXTH QUARTERLY STATUS REPORT OF
RECEIVER, STEPHEN J. DONELL**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – the above-described document will be served by the Court via NEF. On **November 5, 2018**, I reviewed the CM/ECF Mailing Info For A Case for this case and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- **Zachary T. Carlyle**
  carlylez@sec.gov,kasperg@sec.gov,karpeli@sec.gov, blomgrene@sec.gov,NesvigN@sec.gov
- **Eric David Dean**
  edean@fyklaw.com,cyoung@fyklaw.com
- **Stephen J. Donell**
  jdelcastillo@allenmatkins.com
- **Mark T. Hiraide**
  mth@msk.com,kjue@phlcorplaw.com,bag@msk.com hitabashi@phlcorplaw.com,eganous@phlcorplaw.com
- **Leslie J. Hughes**
  hughesLJ@sec.gov,kasperg@sec.gov,nesvign@sec.gov nesvign@sec.gov
- **David J. Van Havermaat**
  vanhavermaatd@sec.gov,larofiling@sec.gov,kassabguir@sec.gov, irwinma@sec.gov
- **Joshua Andrew del Castillo**
  jdelcastillo@allenmatkins.com,mdiaz@allenmatkins.com
- **David R Zaro**
  dzaro@allenmatkins.com,mdiaz@allenmatkins.com

1032549.81/LA

- 1 -

- **Melissa Katherine Zonne**
  mzonne@allenmatkins.com,mlyons@allenmatkins.com

2.   **SERVED BY U.S. MAIL OR OVERNIGHT MAIL (indicate method for each person or entity served)**:  On **November 5, 2018**, I served the following person(s) and/or entity(ies) in this case by placing a true and correct copy thereof in a sealed envelope(s) addressed as indicated below.  I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it is deposited with the U.S. postal service on that same day in the ordinary course of business.  I am aware that on motion for party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 (one) day after date of deposit for mailing in affidavit.  Or, I deposited in a box or other facility regularly maintained by FedEx, or delivered to a courier or driver authorized by said express service carrier to receive documents, a true copy of the foregoing document(s) in sealed envelopes or packages designated by the express service carrier, addressed as indicated above on the above-mentioned date, with fees for overnight delivery paid or provided for.

Franchise Tax Board (FTB)                    **Via U.S. Mail**
P.O. Box 2952
Sacramento, CA  95812-2952

Internal Revenue Service                      **Via U.S. Mail**
880 Front Street
San Diego, CA  92101-8869

I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.   Executed on **November 5, 2018** at Los Angeles, California.

*/s/ Martha Diaz*
Martha Diaz