
# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>        Plaintiff,<br><br>vs.<br><br>ROBERT YANG,<br>CLAUDIA KANO,<br>SUNCOR FONTANA, LLC,<br>SUNCOR HESPERIA, LLC, AND<br>SUNCOR CARE LYNWOOD, LLC<br>        Defendants,<br><br>AND<br><br>YANROB'S MEDICAL, INC.,<br>HEALTHPRO CAPITAL PARTNERS, LLC,<br>AND SUNCOR CARE, INC.<br>        Relief Defendants. | Case No. 5:15-cv-02387-SVW (KKx)<br><br>[~~PROPOSED~~] FINAL JUDGMENT AS TO ROBERT YANG, CLAUDIA KANO, YANROB'S MEDICAL, INC., HEALTHPRO CAPITAL PARTNERS, LLC,, AND SUNCOR CARE, INC. |

1

The Securities and Exchange Commission ("Commission" or "SEC") having filed an Amended Complaint and Defendants Robert Yang and Claudia Kano, and Relief Defendants Yanrob's Medical, Inc. ("Yanrob"), HealthPro Capital Partners, LLC ("HealthPro"), and Suncor Care, Inc. ("Suncor Care"), having entered general appearances; consented to the Court's jurisdiction over Defendants and Relief Defendants and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Amended Complaint [ECF No. 56] (except as to jurisdiction and except as otherwise provided herein in paragraph IX); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants Yang and Kano are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and

attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants Yang and Kano are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant **Yang** is liable for disgorgement of $2,014,050, representing ill-gotten gains obtained as a result of the conduct alleged in the Amended Complaint, together with prejudgment interest thereon in the amount of $237,032, and a civil penalty in the amount of $6,060,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. §

77t(d)] and Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)]. Defendant Yang shall satisfy this obligation by paying $8,311,082 to the Commission within 14 days after entry of this Final Judgment.

## IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant **Kano** is liable for disgorgement of $101,843, representing ill-gotten gains obtained as a result of the conduct alleged in the Amended Complaint, together with prejudgment interest thereon in the amount of $11,985, and a civil penalty in the amount of $6,060,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d) of the Exchange Act [15 U.S.C. § 78u(d)]. Defendant Kano shall satisfy this obligation by paying $6,173,828 to the Commission within 14 days after entry of this Final Judgment.

## V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Relief Defendant **Yanrob, Defendant Yang, and Defendant Kano** are, in addition to amounts stated above, liable jointly and severally for disgorgement of $701,350, representing ill-gotten gains obtained as a result of the conduct alleged in the Amended Complaint, together with prejudgment interest thereon in the amount of $76,666. Defendants shall satisfy this obligation by paying jointly and severally disgorgement and prejudgment interest totaling $778,016 to the Commission within 14 days after entry of this Final Judgment.

## VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Relief Defendant **HealthPro, Defendant Yang, and Defendant Kano** are, in addition to amounts stated above, liable jointly and severally for disgorgement of $128,000, representing ill-gotten gains obtained as a result of the conduct alleged in the Amended Complaint, together with prejudgment interest thereon in the amount of $15,063. Defendants shall satisfy this obligation by paying jointly and severally

disgorgement and prejudgment interest totaling $143,063 to the Commission within 14 days after entry of this Final Judgment.

## VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Relief Defendant **Suncor Care, Defendant Yang, and Defendant Kano** are, in addition to amounts stated above, liable jointly and severally for disgorgement of $125,001, representing ill-gotten gains obtained as a result of the conduct alleged in the Amended Complaint, together with prejudgment interest thereon in the amount of $14,710. Defendants shall satisfy this obligation by paying jointly and severally disgorgement and prejudgment interest totaling $139,711 to the Commission within 14 days after entry of this Final Judgment.

## VIII.

Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court, and, as applicable, Yang, Kano, Yanrob, HealthPro, and/or Suncor Care as a defendant in this action, and specifying that payment is made pursuant to this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making these payments, Defendants relinquish all legal and equitable right, title, and

interest in such funds and no part of the funds shall be returned to Defendants.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Final Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendants' payment of disgorgement in this action, argue that he or she is entitled to, nor shall he or she further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendants' payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendants shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional

civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Final Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendants by or on behalf of one or more investors based on substantially the same facts as alleged in the Amended Complaint in this action.

## IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the Amended Complaint are true and admitted by Defendants Robert Yang and Claudia Kano, and Relief Defendants Yanrob's Medical, Inc., HealthPro Capital Partners, LLC, and Suncor Care, Inc., and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendants and Relief Defendants under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendants and Relief Defendants of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

## X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

## XI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

IT IS SO ORDERED.

Dated: January 8, 2018

STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE