FILED
CLERK, U.S. DISTRICT COURT

MAY − 7 2019

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>                    Plaintiff,<br><br>              vs.<br><br>ROBERT YANG,<br>CLAUDIA KANO,<br>SUNCOR FONTANA, LLC,<br>SUNCOR HESPERIA, LLC, AND<br>SUNCOR CARE LYNWOOD, LLC<br>                    Defendants,<br><br>AND<br><br>YANROB'S MEDICAL, INC.,<br>HEALTHPRO CAPITAL PARTNERS, LLC,<br>AND SUNCOR CARE, INC.<br>                    Relief Defendants. | Case No. 5:15-cv-02387-SVW (KKx)<br><br>**FINAL JUDGMENT AS TO DEFENDANTS SUNCOR FONTANA, LLC, SUNCOR HESPERIA, LLC, AND SUNCOR CARE LYNWOOD, LLC** |

The Securities and Exchange Commission having filed a Complaint and Defendants Suncor Fontana, LLC, Suncor Hesperia, LLC, and Suncor Care Lynwood, LLC, (collectively "Defendants") having entered a general appearance, the court-appointed receiver Stephen J. Donell ("Receiver"), acting on behalf of the Defendants, having consented to the Court's jurisdiction over the Defendants and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction, which is admitted); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment; the Court finds that:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and

attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are, jointly and severally, liable for disgorgement of $16,429,756, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $1,795,970, for a total of $18,225,726.

The Defendants' obligation to pay disgorgement and prejudgment interest shall be deemed satisfied by the Receiver's final distribution of funds collected during the course of the receivership and approval by the Court of the Receiver's final report and accounting.

The Defendants' liability to pay disgorgement and prejudgment interest is separate from, and in addition to, the liabilities for disgorgement, prejudgment interest, and/or civil penalties of defendants Robert Yang and Claudia Kano ("Individual Defendants), and Yanrob's Medical, Inc., HealthPro Capital Partners, LLC, and Suncor Care, Inc. ("Relief Defendants"), established by the Final Judgment against the Individual Defendants and Relief Defendants issued by this Court on January 8, 2019. (Dkt. 259). The Receiver's distribution of funds collected during the course of the receivership and the Defendants' satisfaction of their obligation to pay disgorgement and prejudgment interest shall in no way reduce the Individual Defendants' and Relief Defendants' liability for disgorgement, prejudgment interest, and/or civil penalties.

The SEC may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendants shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the SEC has determined to forgo seeking a civil penalty against the Defendants, and the claim for a civil penalty against the Defendants is hereby WITHDRAWN.

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of the Defendants is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Preliminary Injunction, Order Appointing Receiver, Freezing Assets, and Providing for Other Ancillary Relief entered by the Court on December 11, 2015 (Dkt. 18) (the "Order Appointing Receiver") shall remain in full force and effect as to the Defendants following entry of the Final Judgment, and will remain in full force and effect until such time as the Court terminates the receivership in the above-entitled matter, after the Receiver's completion of his final distribution and the Receiver's submission and Court approval of the Receiver's final report and accounting.

Dated: _May 7_, 2019

_____
HONORABLE STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE