1  DAVID R. ZARO (BAR NO. 124334)
   JOSHUA A. DEL CASTILLO (BAR NO. 239015)
2  NORMAN M. ASPIS (BAR NO. 313466)
   ALLEN MATKINS LECK GAMBLE
3    MALLORY & NATSIS LLP
   865 South Figueroa Street, Suite 2800
4  Los Angeles, California 90017-2543
   Phone: (213) 622-5555
5  Fax: (213) 620-8816
   E-Mail: dzaro@allenmatkins.com
6          jdelcastillo@allenmatkins.com
           naspis@allenmatkins.com
7
   Attorneys for Receiver
8  STEPHEN J. DONELL

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11 SECURITIES AND EXCHANGE           Case No. 5:15-CV-02387-SVW (KKx)
   COMMISSION,
12                                   MEMORANDUM OF POINTS AND
              Plaintiff,             AUTHORITIES IN SUPPORT OF
13                                   MOTION OF RECEIVER, STEPHEN J.
                                     DONELL, FOR ORDER: (1)
14      v.                           APPROVING FINAL REPORT AND
                                     ACCOUNTING; (2) AUTHORIZING
15                                   PAYMENT OF FINAL FEE
   ROBERT YANG, et al.,              APPLICATION OF RECEIVER AND
16                                   PROFESSIONALS; (3) AUTHORIZING
              Defendants,            SUBMISSION OF APPROPRIATE TAX
17                                   RETURNS; (4) AUTHORIZING
   YANROB'S MEDICAL, INC., et al.,   RETURN, ABANDONMENT, OR
18                                   DESTRUCTION OF DOCUMENTS,
              Relief Defendants.     AFTER RESOLUTION OF APPEAL;
19                                   (5) AUTHORIZING SUPPLEMENTAL
                                     DISTRIBUTION; AND (6) CLOSING
20                                   RECEIVERSHIP CASE AND
                                     DISCHARGING AND RELEASING
21                                   RECEIVER

22                                   [Notice of Motion and Motion;
                                     Declaration of Stephen J. Donell; Final
23                                   Report and Accounting; Final
                                     Applications for Payment of Fees and
24                                   Reimbursement of Expenses; and
                                     [Proposed] Order thereon submitted
25                                   concurrently herewith]

26                                   Date:  December 16, 2019
                                     Time:  1:30 pm
27                                   Ctrm:  10A
                                     Judge Hon. Stephen V. Wilson
28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

1169091.08/LA

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO
CONCLUDE RECEIVERSHIP

# **TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ..................................................................................5

II.     RELEVANT FACTUAL BACKGROUND ..........................................7

III.    PROCEDURE FOR CLOSING RECEIVERSHIP AND DISCHARGING RECEIVER ..........................................................9

    A.    Receivership Wind-Down And Final Closing Tasks...........................9

        1.    Approval of the Receiver's Final Report .................................9

        2.    Payment of Fees and Expenses of Receiver and his Professionals ........................................................................10

        3.    Submission of Appropriate Tax Returns ................................11

        4.    Return, Abandonment, or Destruction of Records, After Resolution of Appeal.......................................................11

        5.    Completing the Supplemental Distribution, if Funds Permit......................................................................................12

        6.    Completing Outstanding Closing Tasks for the Receivership and Discharging and Releasing Receiver ..................................................................................12

IV.     ARGUMENT ......................................................................................12

    A.    The Proposed Final Closing Tasks Should Be Authorized And The Receiver Discharged And Released..................................12

    B.    The Final Fee Application Is Reasonable And Appropriate, And Payment Of All Outstanding Fees and Expenses Should Be Authorized At This Time ...............................14

        1.    The Fees and Expenses Requested in the Final Fee Application are Reasonable .......................................................15

        2.    The Fees and Expenses Incurred in the Receivership are Consistent with Ninth Circuit Requirements....................16

        3.    The Fees and Expenses Requested in the Final Fee Application have been Submitted to the Commission, Without Objection .................................................................18

        4.    The Receiver Should be Authorized to Pay Allowed Fees and Expenses from Cash on Hand....................................19

V.      CONCLUSION ...................................................................................19

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Bennett v. Williams,
 892 F.2d 822 (9th Cir. 1989) .......................................................................... 13

Blum v. Stenson,
 465 U.S. 886 (1984) ................................................................................... 16

Finn v. Childs Co.,
 181 F.2d 431 (2d Cir. 1950) ............................................................................ 18

Fleet Nat'l Bank v. H&D Entm't,
 926 F.Supp. 226 n. 56 (D. Mass. 1996) ...................................................... 13

Gaskill v. Gordon,
 27 F.3d 248 (7th Cir. 1994) .......................................................................... 14

In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust
 Litig.,
 109 F.3d 602 (9th Cir. 1997) ........................................................................ 16

In re Philadelphia & Reading Coal & Iron Co.,
 61 F. Supp. 120 (D.C. Pa. 1945) ................................................................. 18

In re San Vicente Medical Partners, Ltd.,
 962 F.2d 1402 (9th Cir. 1992) ...................................................................... 16

In re Thinking Machines Corp.,
 182 B.R. 365 (D. Mass. 1995) ..................................................................... 13

Powers v. Eichen,
 229 F.3d 1249 (9th Cir. 2000) ..................................................................... 16

SEC v. Am. Capital Invs.,
 98 F.3d 1133 (9th Cir. 1996) ........................................................................ 13

SEC v. Basic Energy & Affiliated Resources,
 273 F.3d 657 (6th Cir. 2001) ........................................................................ 13

SEC v. Elliot,
 953 F.2d 1560 (11th Cir. 1992) ............................................................... 13, 15

SEC v. Fifth Avenue Coach Lines, Inc.,
 364 F.Supp. 1220 (S.D.N.Y. 1973) .......................................................... 15, 18

SEC v. Forex Asset Mgmt., LLC,
 242 F.3d 325 (5th Cir. 2001) ........................................................................ 13

SEC v. Health Maintenance Ctrs., Inc.,
 2002 WL 34388014 (W.D. Wash. 2002) ..................................................... 13

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1169091.08/LA

-3-

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO
CONCLUDE RECEIVERSHIP

1

**Page(s)**

2

SEC v. Wang,
    944 F.2d 80 (2d Cir. 1991) ............................................................................ 13

Southwestern Media, Inc. v. Rau,
    708 F.2d 419 (9th Cir. 1983) ........................................................................ 13

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1169091.08/LA

-4-

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO
CONCLUDE RECEIVERSHIP

1   **MEMORANDUM OF POINTS AND AUTHORITIES**

2   **I.    INTRODUCTION.**

3       Stephen J. Donell (the "Receiver") was appointed as the permanent receiver

4   for Defendants Suncor Fontana, LLC, Suncor Hesperia, LLC, Suncor Care

5   Lynwood, LLC, and their respective subsidiaries and affiliates (collectively, the

6   "Receivership Entities" or "Entities") pursuant to this Court's December 11, 2015

7   Preliminary Injunction, Order Appointing Receiver, Freezing Assets, and Providing

8   for Other Ancillary Relief (the "Appointment Order").  In accordance with the

9   Appointment Order, and the Court's subsequent Orders regarding the administration

10  of the instant receivership, the Receiver's most significant responsibilities during the

11  pendency of the receivership included:

12      (1)    Marshaling and preserving all receivership assets ("Receivership

13  Assets" or "Assets").  Ultimately, the Receiver recovered and collected a total of

14  more than $10.1 million for the administration of the Receivership Entities and the

15  benefit of their investors and creditors, as reflected in his concurrently filed Final

16  Report and Accounting;

17      (2)    Disposing of Assets, including via the sale or abandonment of the

18  Entities' real property Assets, negotiating settlements with Entity creditors, and

19  recovering Assets (mostly funds derived from investors) improperly paid over to or

20  deposited with third parties, including banks, municipal agencies, and Entity

21  affiliates;

22      (3)    Completing detailed Forensic Accounting Reports regarding the

23  financial activities and condition of the Receivership Entities;

24      (4)    Eliminating Receivership Entity liabilities, including via the

25  abandonment of Assets worth less than the debt they secured and settling with

26  Entity creditors;

27      (5)    Proposing and securing Court approval for a claims process and plan

28  for distribution of Receivership Assets to investors and other creditors;

LAW OFFICES
**Allen Matkins Leck Gamble Mallory & Natsis LLP**

1169091.08/LA                                    -5-

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO
CONCLUDE RECEIVERSHIP

(6)     Making distributions to creditors of the Receivership Entities with allowed claims in excess of $7.7 million, inclusive of distributions to investors and secured creditors; and

(7)     Preparing and submitting periodic reports to the Court regarding the status and results of the Receiver's administration of the estate of the Receivership Entities (the "Estate").

As of the date of the instant Motion of Receiver for an Order:  (1) Approving Final Report and Accounting; (2) Authorizing Payment of Final Fee Application of Receiver and Professionals; (3) Authorizing Submission of Appropriate Tax Returns; (4) Authorizing Return, Abandonment, or Destruction of Documents, After Resolution of Appeal; (5) Authorizing Supplemental Distribution; and (6) Closing Receivership and Discharging and Releasing Receiver (the "Motion"), the Receiver believes he has – with the assistance of his Professionals[1] – fulfilled each of his responsibilities to the fullest extent possible, and that further efforts to administer the receivership would not yield a net benefit to the Estate.  The specific accomplishments of the Receiver and his Professionals are summarized herein, and in the Receiver's Final Report and Accounting ("Final Report"), submitted concurrently with the instant Motion.

Having completed his Estate administration efforts, the Receiver has determined, in his reasonable business judgment, that each of his responsibilities under the appointment orders has been satisfied, and that the costs of continuing the present receivership now outweigh any potential benefit.  On that basis, the Receiver believes that it is now appropriate to make a supplemental, *pro rata* distribution on allowed claims in the aggregate amount of approximately $30,000 to $40,000, pay

---

[1]   For the purposes of this Motion, the Receiver's "Professionals" are his attorneys, Allen Matkins Leck Gamble Mallory & Natsis, LLP, his forensic accountants, Brandlin and Associates, and his tax professionals, SL Biggs.

1    outstanding fees and expenses, wind-down and close the receivership case, and

2    discharge and release the Receiver.

3         Accordingly, the Receiver respectfully requests that this Court enter an Order:

4    (1) approving the Receiver's Final Report; (2) authorizing payment of the previously

5    approved amounts now presented in the Final Application for Payment of Fees and

6    Reimbursement of Expenses of Receiver and his Professionals, filed concurrently

7    herewith (the "Final Fee Application"); (3) authorizing the Receiver to submit any

8    necessary and appropriate tax returns for the Entities or the Estate; (4) authorizing

9    the Receiver to return, abandon, or destroy Receivership Entity records in

10   connection with his wind-up procedures, provided records are retained pending the

11   resolution of the Defendants' pending appeal; (5) authorizing the Receiver to make a

12   supplemental distribution, on a *pro rata* basis, on any previously allowed investor

13   claims, from any funds remaining on hand after the payment of outstanding fees and

14   expenses; and (6) authorizing the Receiver to complete any outstanding tasks

15   necessary to wind-down and close the receivership, and thereafter closing the

16   receivership and discharging and releasing the Receiver.

17   **II.    RELEVANT FACTUAL BACKGROUND.**

18        A full recitation of the procedural history of the above-captioned action is

19   unnecessary for the purposes of this Motion, particularly given that the Receiver's

20   concurrently submitted Final Report summarizes the Receiver's actions during the

21   pendency of this matter.  As to this Motion, the relevant facts are as follows:

22        The above-captioned enforcement action was commenced by the Plaintiff

23   Securities and Exchange Commission (the "Commission") on November 19, 2015.

24   (ECF No. 1.)  The Commission's Complaint alleged that Defendants Yang and

25   Kano, through Defendant entities they controlled, committed a number of violations

26   of the federal securities laws, predicated upon false representations to foreign

27   investors participating the federal EB-5 immigration program.  (Id.)  The

28

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**
1169091.08/LA          -7-          MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO
CONCLUDE RECEIVERSHIP

Commission requested the appointment of a receiver and, on December 11, 2015, this Court entered the Appointment Order.  (ECF No. 18.)

Since his appointment, the Receiver has administered the Estate and all Receivership Assets in accordance with the Court's instructions, including specifically:  (1) marshaling and preserving Receivership Assets; (2) completing the disposition of real property assets; (3) performing accountings and analysis of the Receivership Entities' financial activities and condition; (4) eliminating and addressing the Entities' liabilities; (5) recommending the claims process, appropriate treatment of claims, and making distributions; and (6) preparing reports for this Court.  (See concurrently filed Declaration of Stephen J. Donell ["Donell Decl."] ¶ 2.).  The specific actions undertaken to date are identified in the Receiver's various interim and quarterly reports, including the Final Report.  By way of short summary, the Receiver's most significant accomplishments include:

- Recovering more than $10.1 million for the benefit of the Receivership Entities;
- Completing a detailed document review and two forensic accounting reports;
- Securing permission from the Court to market and sell real properties owned by the Entities, and completing the sale of all saleable Assets, and abandoning Assets worth less than the debt they secured;
- Establishing and securing Court approval of summary procedures for administration of investor and creditor claims; and
- Securing approval from the Court of the Receiver's recommended treatment of specific claims against the Receivership Entities and approval for the Receiver to make a *pro rata* distribution on all claims recommended for allowance, and making a distribution on allowed claims in excess of $7.7 million, including more than $6.1 million

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

1169091.08/LA                                                    -8-

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO
CONCLUDE RECEIVERSHIP

1    distributed to investors and $1.6 million paid to a secured creditor,

2    pursuant to the Court's authorization.

3    The Receiver has concluded, in his reasonable business judgment, that

4    continued administration of the receivership case will not result in recovery of

5    additional Receivership Assets and will not increase the amount of Assets available

6    to the Receivership Estate.  (Donell Decl. ¶¶ 3-4.)  Thus, the costs of continuing the

7    receivership now outweigh the benefits.  Id.  Given this determination, and having

8    fulfilled his responsibilities under the appointment orders, the Receiver believes it is

9    now time to close the receivership case and discharge and release the Receiver.  Id.

10   at ¶ 5.  To that end, the Receiver respectfully requests that this Court enter an Order

11   approving the Receiver's Final Report; authorizing the payment of the Final Fee

12   Application; authorizing the Receiver to submit appropriate tax returns; authorizing

13   the Receiver to return, abandon or destroy Receivership Entity records; authorizing

14   the Receiver to make a supplemental, *pro rata* distribution on allowed investor

15   claims; and closing the receivership and discharging and releasing the Receiver

16   upon the Receiver's completion of these tasks.  Id.  As is customary in these matters,

17   the Receiver will submit a Notice or Declaration to the Court reflecting the

18   completion of all closing tasks when completed.  Id. at ¶ 6.

19   **III.    PROCEDURE FOR CLOSING RECEIVERSHIP AND DISCHARGING**

20   **RECEIVER.**

21        **A.    Receivership Wind-Down And Final Closing Tasks.**

22   By this Motion, the Receiver respectfully requests Court approval and

23   authorization of the final closing tasks detailed below in connection with closing the

24   instant receivership and discharging the Receiver:

25        1.    Approval of the Receiver's Final Report.

26   The Receiver's Final Report (which also appends his final accounting for the

27   Estate) has been submitted to the Court concurrently with this Motion.  (Donell

28   Decl. ¶ 6; see also, Receiver's Final Report and Accounting, submitted concurrently

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1169091.08/LA                                    -9-                     MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO
CONCLUDE RECEIVERSHIP

1  herewith.)  The Final Report summarizes the actions of the Receiver and his

2  Professionals during the pendency of the receivership case, and provides

3  descriptions of his document review and analysis, accounting, Asset preservation

4  and recovery, claims administration and reporting efforts.  <u>Id.</u>  A copy of the

5  Receiver's final accounting summary, reflecting receipts and disbursements for the

6  receivership through August 31, 2019 is attached as **Exhibit 1** to the Final Report.

7  <u>Id.</u>  The Receiver respectfully requests that the Court approve his Final Report.

8                    2.        <u>Payment of Fees and Expenses of Receiver and his Professionals.</u>

9            Concurrently with this Motion, the Receiver and his Professionals have

10  submitted their collective Final Fee Application, requesting payment of their

11  respective fees and expenses incurred from August 1, 2018 through January 31,

12  2019, along with the administrative fees and costs of the wind-down and termination

13  of the receivership.  (<u>See</u> Final Fee Application filed concurrently herewith.)

14            The Court has already approved the fees and expenses identified in the Final

15  Fee Application, and by their application, the Receiver and his Professionals request

16  that the Court authorize their payment.  Specifically, the Receiver's April 11, 2019

17  Motion for Order Approving Final Distribution Amount and Authorizing Final

18  Distribution (the "Final Distribution Motion") requested that the Court authorize the

19  Receiver to set aside a total of approximately $329,000 from the funds currently on-

20  hand, to cover the payment of accrued and anticipated administrative and

21  professional fees and costs, including the so-called holdbacks of fees approved in

22  prior fee applications, just over $42,000 in fees and expenses incurred from August

23  1, 2018 through January 31, 2019, and $40,000 to cover aggregate, estimated fees

24  and expenses through the termination of the receivership.  (<u>See</u> ECF No. 281-1.)

25  The Court granted the Final Distribution Motion on May 7, 2019, including the

26  proposed set-asides of funds for the payment of accrued and anticipated fees and

27  expenses.  (<u>See</u> ECF No. 299.)  While the Court has approved (or reaffirmed) these

28

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1169091.08/LA                                     -10-                        MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO
CONCLUDE RECEIVERSHIP

1    amounts, it has not authorized the Receiver to make payment, and the Receiver

2    requests such authorization at this time.  (Donell Decl. ¶ 7; 8, 9, Ex. A.)

3                    3.    Submission of Appropriate Tax Returns.

4          The Receiver is required to submit appropriate tax returns for each calendar

5    year of the pendency of the receivership.  (Donell Decl. ¶ 10.)  Accordingly, the

6    Receiver anticipates submitting necessary and appropriate tax returns

7    contemporaneously with the closure of the receivership case, and requests Court

8    authorization to do so.  Id.

9                    4.    Return, Abandonment, or Destruction of Records, After

10                         Resolution of Appeal.

11         The Receiver is in possession of significant quantities of documents obtained

12   during his administration of the Estate, either at the outset of the receivership or

13   recovered from third parties during his investigation into the financial affairs of the

14   Receivership Entities, some of which are maintained in paper form.  (Donell

15   Decl.¶ 11.)  Some of these documents contain private financial information of the

16   Receivership Entities' investors.  Id.

17         As this Court is aware, Defendants Yang and Kano, along with certain Relief

18   Defendants, have appealed the Court's Final Judgement in this matter.  (See ECF

19   No. 268.)  Ordinarily, the Receiver would petition for authority to return to the

20   individual defendants in this matter any hard copy documents originally turned over

21   by them (should they request such turnover), to abandon any documents containing

22   non-private information, and to destroy any other documents containing private

23   investor information, commencing no fewer than approximately forty-five (45) days

24   after the termination of the receivership.  However, given the pendency of the

25   appeal styled SEC v. Yang, 9th Cir. Case No. 19-55289, the Receiver proposes

26   instead to return or make available to the parties copies or originals of any

27   documents originally turned over by the Defendants, and to hold digital copies of all

28   records obtained during the pendency of his appointment until such time as an order

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1169091.08/LA                                    -11-

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO
CONCLUDE RECEIVERSHIP

1  resolving the appeal is entered, after which the Receiver will abandon any materials

2  containing non-private documents, and destroy any materials containing non-public

3  information.  Id.

4            5.      Completing the Supplemental Distribution, if Funds Permit.

5            As reflected in the Receiver's Final Report, his efforts to recover funds for the

6  administration and benefit of the Receivership Entities were sufficiently successful

7  that, even after completing a then-anticipated $3.1 million final distribution on

8  allowed claims (in an amount that exceeded the Court-approved base amount of

9  approximately $2.9 million by more than $200,000) and after the payment of

10  outstanding administrative and professional fees and expenses, and any outstanding

11  ordinary operations costs, the Receiver expects to have a surplus remaining on-hand,

12  in the approximate amount of $30,000 to $40,0000.  (Donell Decl. ¶ 12.)  The

13  Receiver recommends that, as part of the wind-down and termination of the instant

14  receivership, the Court authorize him to make a supplemental, *pro rata* distribution

15  on allowed claims from these funds.

16            6.      Completing Outstanding Closing Tasks for the Receivership and

17                    Discharging and Releasing Receiver.

18            The Receiver respectfully requests that, once he has completed the above-

19  identified closing tasks, this Court thereafter close the present receivership case and

20  discharge and release the Receiver, effective immediately upon the Receiver's

21  submission of a Notice or Declaration to the Court regarding his completion of these

22  final closing tasks, including his recommended supplemental distribution on allowed

23  claims.  (Donell Decl. ¶ 13.)

24  **IV.    ARGUMENT.**

25       **A.    The Proposed Final Closing Tasks Should Be Authorized And The**

26              **Receiver Discharged And Released.**

27            A court's power to administer an equity receivership is extremely broad.  SEC

28  v. Hardy, 803 F.2d 1034, 1037 (9th Cir. 1986); SEC v. Forex Asset Mgmt., LLC,

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1169091.08/LA                    -12-

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO
CONCLUDE RECEIVERSHIP

1  242 F.3d 325, 331 (5th Cir. 2001); <u>SEC v. Basic Energy & Affiliated Resources</u>,

2  273 F.3d 657, 668 (6th Cir. 2001); <u>SEC v. Elliot</u>, 953 F.2d 1560, 1566 (11th Cir.

3  1992); <u>SEC v. Wang</u>, 944 F.2d 80, 85 (2d Cir. 1991).  In the absence of controlling

4  authority, and where applicable, district courts supervising equity receiverships

5  routinely look to bankruptcy law for guidance.  <u>SEC v. Am. Capital Invs.</u>, 98 F.3d

6  1133,1140 (9th Cir. 1996); <u>CFTC v. Topworth Int'l</u>, 205 F.3d 1107, 1116 (9th Cir.

7  1999) (Central District local rules, for instance, "direct receivers, unless otherwise

8  ordered … to 'administer the estate as nearly as possible in accordance with … the

9  administration of estates in bankruptcy.'"); <u>Fleet Nat'l Bank v. H&D Entm't</u>, 926

10  F.Supp. 226, 240 n. 56 (D. Mass. 1996) ("[W]hat is permitted under the Bankruptcy

11  Code, generally is, a fortiori, permissible under receivership law.").

12      In the case administration context, courts are deferential to the business

13  judgment of bankruptcy trustees, receivers, and similar estate custodians.  <u>See</u>, <u>e.g.</u>,

14  <u>Bennett v. Williams</u>, 892 F.2d 822, 824 (9th Cir. 1989) ("[W]e are deferential to the

15  business management decisions of a bankruptcy trustee."); <u>Southwestern Media,</u>

16  <u>Inc. v. Rau</u>, 708 F.2d 419, 425 (9th Cir. 1983) ("The decision concerning the form

17  of … [estate administration] … rested with the business judgment of the trustee.");

18  see also <u>SEC v. Health Maintenance Ctrs., Inc.</u>, 2002 WL 34388014 (W.D. Wash.

19  2002) (Equating bankruptcy trustees with receivers and finding that "the courts have

20  overwhelmingly applied a 'business judgment' test" to estate administration.); <u>In re</u>

21  <u>Thinking Machines Corp.</u>, 182 B.R. 365, 368 (D. Mass. 1995) ("The application of

22  the business judgment rule … and the high degree of deference usually afforded

23  purely economic decisions of trustees, makes court refusal unlikely.") (rev'd on

24  other grounds, 67 F.3d 1021 (1st Cir. 1995)).

25      As reported herein and in the concurrently submitted Final Report, the

26  Receiver has made all reasonable and necessary efforts to recover, review, and

27  analyze Receivership Entity business records and documents, to assemble forensic

28  accounting reports reflecting the Receivership Entities' financial activities, to

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1169091.08/LA

-13-

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO
CONCLUDE RECEIVERSHIP

1  recover available Receivership Assets, and to develop and administer an equitable

2  claims and distribution process for victimized investors and creditors, including

3  making distributions on allowed and secured claims in an amount exceeding

4  $7.7 million.  The Receiver has concluded, in his reasonable business judgment, that

5  continued administration of the instant receivership will not result in recovery of any

6  significant additional Receivership Assets and will not increase the amount of

7  Assets available to the Receivership Estate.  Accordingly, the Receiver has

8  concluded that it is now appropriate to close the receivership, and discharge and

9  release the Receiver.

10      **B.      The Final Fee Application Is Reasonable And Appropriate, And**

11              **Payment Of All Outstanding Fees and Expenses Should Be**

12              **Authorized At This Time.**

13      As noted above, the Court granted the Final Distribution Motion on May 7,

14  2019.  (See ECF No. 299.)  In its Order, the Court specifically authorized the

15  Receiver, prior to completing his final distribution on allowed claims, to set aside

16  funds from cash on-hand sufficient to cover:  (1) $246,432.70 in holdbacks of fees

17  of the Receiver and his professionals already previously approved by the Court, but

18  as yet unpaid; (2) $42,626.62 in administrative and professional fees and expenses

19  incurred during the period from August 1, 2018 through January 31, 2019; and

20  (3) an additional $40,000.00 in aggregate administrative and professional fees and

21  expenses expected to be incurred through the termination of the instant receivership.

22  (Id.)  In other words, the Court has already approved the above-identified fees and

23  expenses, and it should authorize the Receiver to make all associated payments at

24  this time.

25      "As a general rule, the expenses and fees of a receivership are a charge upon

26  the property administered."  Gaskill v. Gordon, 27 F.3d 248, 251 (7th Cir. 1994).

27  These expenses include the fees and expenses of the Receiver and his Professionals.

28  Decisions regarding the timing and amount of an award of fees and expenses to the

LAW OFFICES
**Allen Matkins Leck Gamble**
**Mallory & Natsis LLP**

1169091.08/LA

-14-

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO
CONCLUDE RECEIVERSHIP

1  Receiver and his Professionals are committed to the sound discretion of the Court.

2  SEC v. Elliot, 953 F.2d 1560, 1577 (11th Cir. 1992) (rev'd in part on other grounds,

3  998 F.2d 922 (11th Cir. 1993)).

4          1.      The Fees and Expenses Requested in the Final Fee Application

5                  are Reasonable.

6          In determining the reasonableness of fees and expenses requested in this

7  context, the Court should consider the time records presented, the quality of the

8  work performed, the complexity of the problems faced, and the benefit of the

9  services rendered to the receivership estate.   SEC v. Fifth Avenue Coach Lines, Inc.,

10  364 F.Supp. 1220, 1222 (S.D.N.Y. 1973).

11          Here, the Final Fee Application describes the nature of the services that have

12  been and will be rendered, and where appropriate, the identity and billing rate of the

13  individuals performing each task.  The Receiver and his Professionals have

14  endeavored to staff matters as efficiently as possible in light of the level of

15  experience required and the complexity of the issues presented.  In general, the Final

16  Fee Application reflects the Receiver's and his Professionals' customary billing rates

17  and the rates charged for comparable services in other matters, less any discounts or

18  reductions specifically identified in the application.  The weighted-average billing

19  rates of the Receiver and his Professionals are as noted in the Final Fee Application.

20          The Receiver has reviewed the Final Fee Application, and believes the hourly

21  rates charged were appropriate, given the requirements of the instant receivership,

22  that every effort was made to have tasks completed at the lowest possible billing

23  rate, and that the total fees for which the Receiver seeks authorization for payment

24  are fair and reasonable.  (Donell Decl. ¶ 8.)  The Receiver likewise believes that the

25  estate of the Receivership Entities has benefited from the services identified.  (Id.)

26

27

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

1169091.08/LA                                    -15-

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO
CONCLUDE RECEIVERSHIP

2.    The Fees and Expenses Incurred in the Receivership are Consistent with Ninth Circuit Requirements.

Courts in the Ninth Circuit use either the "percentage of fund" calculus or apply the "lodestar" method to determine whether a fiduciary fee request is appropriate.  See, e.g., Powers v. Eichen, 229 F.3d 1249, 1256 (9th Cir. 2000); In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig., 109 F.3d 602, 609 (9th Cir. 1997).  The "percentage of fund" determines an appropriate fee as a percentage of funds recovered.  Powers, 229 F.3d at 1256.  In evaluating the propriety of a fee request with reference to the total funds recovered, the Ninth Circuit has established a benchmark of 25% as presumptively reasonable.  See, e.g., Powers, 229 F.3d at 1256-57; see also Petroleum Prods., 109 F.3d at 607 (25% determined to be an appropriate benchmark in common fund matters).

An application of the "lodestar" method requires multiplying the number of hours reasonably required for the services performed by the movant's reasonable hourly fee to arrive at the so-called lodestar amount.  See, e.g., Blum v. Stenson, 465 U.S. 886, 888 (1984).  Once the lodestar amount is calculated, a court can then adjust fees up or down depending on context and relevant factors, including the expertise of counsel, complexities of litigation and risks involved, the relation of fees to total recovery (essentially, a "percentage of fund" correction), and other factors.  In re San Vicente Medical Partners, Ltd., 962 F.2d 1402, 1410 (9th Cir. 1992).

Here, as reflected in the Receiver's Final Report, the Receiver's total recoveries for the benefit of the Estate and its investors and creditors has exceeded $10 million, including the $1.6 million remitted to Celtic Bank in satisfaction of its claim).  (See ECF. No. 237 at 6:4-7.)  As of the date of the Final Fee Application, and *including* the fees and expenses submitted for payment authorization by the Court, the Court has approved a total of approximately $1.5 million in administrative fees and expenses in this matter, *inclusive* of all holdbacks and the

1  fees and expenses identified in its Order on the Final Distribution Motion, for which

2  fees have been paid to the Receiver and his professionals, on an interim basis, at

3  80% or 90%, respectively, with the remaining holdbacks payable only at the end of

4  the receivership and upon Court approval.  (See ECF Nos. 145, 146, 163, 187, 221.)

5  In other words, assuming the Court were to authorize the Receiver to make payment

6  of the administrative and professional fees and expenses addressed in the Order on

7  the Final Distribution Motion, total payments would be less than *16%* of all funds

8  recovered for the benefit and administration of the Estate, inclusive of the

9  $1.6 million remitted to Celtic Bank in satisfaction of its claim as part of the

10  Receiver's total recovery.[2]

11       In other words, the total fees and expenses incurred by the Receiver and his

12  professionals in this matter fall *well below* the 25% benchmark established by the

13  Ninth Circuit as presumptively reasonable.  An application of the lodestar method to

14  the fees and cost incurred to date likewise supports the Final Fee Application,

15  particularly given the complexity of the business and financial activities of the

16  Entities, the lack of documentation initially available to the Receiver and the

17  resultant investigation he was required to undertake, resulting in a detailed forensic

18  accounting, and the Receiver's remarkable success in minimizing Entity liabilities

19  and maximizing the value of the Entities' Properties, including, in one instance, via a

20  sale, for $900,000, of a property purchased with $500,000 in funds diverted from

21  investors.  The inclusion of a percentage of funds "check" on the lodestar amount

22  only serves to underscore the propriety of the fees and expenses incurred.  The

23  Receiver therefore respectfully requests that the Court grant the Final Fee

24  Application and approve the fees and expenses requested therein.

25

26

27

28

---

[2]  Indeed, even including ordinary operations costs incurred by the Receiver, total fees, expenses, and operations costs in this matter would still fall well below the 25% threshold for presumptive reasonableness.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1169091.08/LA                    -17-

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO
CONCLUDE RECEIVERSHIP

3. <u>The Fees and Expenses Requested in the Final Fee Application have been Submitted to the Commission, Without Objection.</u>

Courts often consider the judgment and experience of the Commission relating to receiver compensation. "[I]t is proper to [keep] in mind that the [Commission] is about the only wholly disinterested party in [this] proceeding and that … its experience has made it thoroughly familiar with the general attitude of the Courts and the amounts of allowances made in scores of comparable proceedings." <u>In re Philadelphia & Reading Coal & Iron Co.</u>, 61 F. Supp. 120, 124 (D.C. Pa. 1945). Indeed, the Commission's perspectives are not "mere casual conjectures, but are recommendations based on closer study than a district judge could ordinarily give to such matters." <u>Finn v. Childs Co.</u>, 181 F.2d 431, 438 (2d Cir. 1950) (internal quotation marks omitted). In fact, "recommendations as to fees of the [Commission] may be the only solution to the 'very undesirable subjectivity with variations according to the particular judge under particular circumstances' which has made the fixing of fees seem often to be 'upon nothing more than an ipse dixit basis.'" <u>Id.</u> Thus, the Commission's perspective on the matter should certainly by given "great weight," as observed by the court in <u>Fifth Avenue Coach Lines, Inc.</u>, 364 F. Supp. at 1222.

In order to ensure that the fees and expenses requested in the Final Fee Application are appropriate, the Receiver and his Professionals have submitted their respective invoices to the Commission for review. The Commission has not objected. The Commission's satisfaction with the subject invoices therefore merits significant deference. As the <u>Philadelphia & Reading Coal & Iron Co.</u> court observed, the Commission is "thoroughly familiar with … the amounts of allowances made in scores of comparable proceedings." 61 F.Supp. at 124. Indeed, the Commission is likely in the best position to measure the fees and expenses requested here against those incurred in other, similar proceedings, and cases of similar complexity. The Receiver and his Professionals thus respectfully request

1  that the Court approve all requested fees and expenses reflected in the Final Fee

2  Application.

3          4.        The Receiver Should be Authorized to Pay Allowed Fees and

4                    Expenses from Cash on Hand.

5          The bulk of the funds the Receiver holds are those previously set aside per

6  Court Order to cover the fees and expenses incurred by the Receiver and his

7  Professionals, and approved by the Court, but not paid.  By their collective Final Fee

8  Application, the Receiver and his Professionals respectfully request that the Court

9  exercise its broad discretion and enter an order permitting the payment of fees and

10  expenses requested from these funds.[3]  Specifically, the Receiver requests that this

11  Court authorize the payment of previously approved holdbacks in the aggregate

12  amount of $246,432.70, aggregate fees and expenses for the period from August 1,

13  2018 through January 31, 2019, and aggregate reserves in the amount of $40,000.00,

14  for a total of 329,059.32.

15  **V.      CONCLUSION.**

16          Based on the Receiver's cumulative findings and the fulfillment of his duties

17  under the Appointment Order, the Receiver respectfully requests that this Court

18  enter an Order:

19          1.        Approving the Final Report and Accounting;

20          2.        Authorizing the payment of the fees and expenses requested in the

21  Final Fee Application;

22          3.        Authorizing the Receiver, by and through his tax accountant, to submit

23  final tax returns for the Receivership Entities;

24

25

26

---

27  [3]  As reflected above, the Receiver proposes to use any available funds remaining after the payment of professional and administrative fees and expenses to make a

28  supplemental, *pro rata* distribution on allowed claims.  Any funds remaining thereafter would be remitted to the Commission, and credited to the United States Treasury.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1169091.08/LA                                        -19-                        MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO
CONCLUDE RECEIVERSHIP

1      4.      Authorizing the Receiver to return or make available certain

2   Receivership Entity documents during the pendency of the <u>SEC v. Yang, et al.</u>

3   appeal, and upon its resolution, to abandon or destroy Receivership Entity

4   documents retained by the Receiver;

5      5.      Funds permitting, authorizing the Receiver to make a supplemental, *pro*

6   *rata* distribution on allowed investor claims, as detailed herein; and

7      6.      Authorizing and instructing the Receiver to complete the outstanding

8   wind-down and closing tasks identified herein, and thereafter closing the instant

9   receivership case and discharging and releasing the Receiver, without further order

10  of the Court, effective upon receipt of a Notice or Declaration from the Receiver

11  reflecting the completion of the foregoing tasks.

12

13  Dated:  November 13, 2019                    ALLEN MATKINS LECK GAMBLE
                                                  MALLORY & NATSIS LLP
14                                                DAVID R. ZARO
                                                  JOSHUA A. DEL CASTILLO
15                                                NORMAN M. ASPIS

16                                                By:    /s/    *Joshua A. del Castillo*
                                                  _____
17                                                     JOSHUA A. DEL CASTILLO
                                                       Attorneys for Receiver
18                                                     STEPHEN J. DONELL

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1169091.08/LA

-20-

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION TO
CONCLUDE RECEIVERSHIP

# PROOF OF SERVICE

*Securities and Exchange Commission v. Robert Yang, Suncor Fontana, et al.*
USDC, Central District of California – Case No. 5:15-cv-02387-SVW (KKx)

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 865 S. Figueroa Street, Suite 2800, Los Angeles, California 90017-2543.

A true and correct copy of the foregoing document(s) described below will be served in the manner indicated below:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF RECEIVER, STEPHEN J. DONELL, FOR ORDER: (1) APPROVING FINAL REPORT AND ACCOUNTING; (2) AUTHORIZING PAYMENT OF FINAL FEE APPLICATIONS OF RECEIVER AND PROFESSIONALS; (3) AUTHORIZING SUBMISSION OF APPROPRIATE TAX RETURNS; (4) AUTHORIZING RETURN, ABANDONMENT, OR DESTRUCTION OF DOCUMENTS AFTER RESOLUTION OF APPEAL; (5) AUTHORIZING SUPPLEMENTAL DISTRIBUTION; AND (6) CLOSING RECEIVERSHIP CASE AND DISCHARGING RECEIVER**

1.    **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – the above-described document will be served by the Court via NEF.  On **November 14, 2019**, I reviewed the CM/ECF Mailing Info For A Case for this case and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- **Zachary T. Carlyle**
  carlylez@sec.gov,kasperg@sec.gov,karpeli@sec.gov,
  blomgrene@sec.gov,NesvigN@sec.gov
- **Eric David Dean**
  edean@fyklaw.com,cyoung@fyklaw.com
- **Stephen J. Donell**
  jdelcastillo@allenmatkins.com
- **Leslie J. Hughes**
  hughesLJ@sec.gov,kasperg@sec.gov,nesvign@sec.gov
- **Stephen Gerard Larson**
  slarson@larsonobrienlaw.com,ygutierrez@larsonobrienlaw.com,nmorales @larsonobrienlaw.com

- **Amy J Longo**
  longoa@sec.gov,LAROFiling@sec.gov,kassabguir@sec.gov,irwinma@sec.gov
- **Michael J. Roessner**
  roessnerm@sec.gov,nguei@sec.gov,smithan@sec.gov
- **Donald W Searles**
  searlesd@sec.gov,millerdou@sec.gov,
  LAROFiling@sec.gov,longoa@sec.gov, irwinma@sec.gov
- **Joshua Andrew del Castillo**
  jdelcastillo@allenmatkins.com,mdiaz@allenmatkins.com
- **David R Zaro**
  dzaro@allenmatkins.com,mdiaz@allenmatkins.com
- **Melissa Katherine Zonne**
  mzonne@allenmatkins.com,mlyons@allenmatkins.com

2.  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL (indicate method for each person or entity served)**: On **November 14, 2019** , I served the following person(s) and/or entity(ies) in this case by placing a true and correct copy thereof in a sealed envelope(s) addressed as indicated below.  I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it is deposited with the U.S. postal service on that same day in the ordinary course of business.  I am aware that on motion for party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 (one) day after date of deposit for mailing in affidavit.  Or, I deposited in a box or other facility regularly maintained by FedEx, or delivered to a courier or driver authorized by said express service carrier to receive documents, a true copy of the foregoing document(s) in sealed envelopes or packages designated by the express service carrier, addressed as indicated above on the above-mentioned date, with fees for overnight delivery paid or provided for.

Franchise Tax Board (FTB)                    **Via U.S. Mail**
P.O. Box 2952
Sacramento, CA  95812-2952

Internal Revenue Service                      **Via U.S. Mail**
880 Front Street
San Diego, CA  92101-8869

1032549.94/LA

- 2 -

1       I declare that I am employed in the office of a member of the Bar of this Court at
2  whose direction the service was made.  I declare under penalty of perjury under the laws of
  the United States of America that the foregoing is true and correct.  Executed on
3  **November 14, 2019** at Los Angeles, California.

4

5                      */s/ Martha Diaz*
                       Martha Diaz

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28