DAVID R. ZARO (BAR NO. 124334)
JOSHUA A. DEL CASTILLO (BAR NO. 239015)
NORMAN M. ASPIS (BAR NO. 313466)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
865 South Figueroa Street, Suite 2800
Los Angeles, California 90017-2543
Phone: (213) 622-5555
Fax: (213) 620-8816
E-Mail: dzaro@allenmatkins.com
        jdelcastillo@allenmatkins.com
        naspis@allenmatkins.com

Attorneys for Receiver
STEPHEN J. DONELL

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>            Plaintiff,<br><br>       v.<br><br>ROBERT YANG, et al.,<br><br>            Defendants,<br><br>YANROB'S MEDICAL, INC., et al.,<br><br>            Relief Defendants. | Case No. 5:15-CV-02387-SVW (KKx)<br><br>FINAL REPORT AND ACCOUNTING OF RECEIVER, STEPHEN J. DONELL<br><br>[Notice of Filing submitted concurrently herewith]<br><br>Date:   December 16, 2019<br>Time:  1:30 pm<br>Ctrm:  10A<br>Judge Hon. Stephen V. Wilson |

**TO ALL PARTIES, THEIR COUNSEL OF RECORD, AND THIS HONORABLE COURT:**

**PLEASE TAKE NOTICE THAT** on December 16, 2019, in Courtroom 10A of the above-entitled Court, located at 350 W. 1st Street, 10th Floor, Los Angeles, California 90012, and in accordance with this Court's December 11, 2015 Preliminary Injunction, Order Appointing Receiver, Freezing Assets, and Providing for Other Ancillary Relief (the "Appointment Order") and Local Rules 66-7(c) and (d), and 6-1, Stephen J. Donell, the Court-appointed Receiver ("Receiver") for Defendants Suncor Fontana, LLC, Suncor Hesperia, LLC, Suncor Care Lynwood,

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1165446.09/LA

FINAL REPORT AND ACCOUNTING OF
RECEIVER, STEPHEN J. DONELL

LLC, and their respective subsidiaries and affiliates (collectively, the "Receivership Entities" or "Entities") will and hereby does submit the following Final Report and Accounting (the "Final Report"). This Final Report provides a brief summary of the Receiver's activities and efforts as addressed in his prior Quarterly Status Reports, along with a detailed summary of his activities and efforts since the submission of his Extended and Sixth Quarterly Status Report, along with his final accounting summary for the estate of the Receivership Entities (the "Estate"), and his recommendation that, the goals of the instant receivership having been satisfied, a Court-approved final distribution on allowed claims having been completed, but funds remaining available for distribution, the Receiver be authorized to make a small, supplemental distribution on allowed claims and the receivership thereafter be terminated, and the Receiver be discharged and released.

## I.      EXECUTIVE SUMMARY.

In accordance with the Appointment Order, and the Court's subsequent orders regarding the administration of the instant receivership, the Receiver diligently pursued, and ultimately fulfilled, each of his responsibilities thereunder to the fullest extent possible. The Receiver recovered and collected a total of over $10.1 million in assets ("Receivership Assets" or "Assets") for the administration and benefit of the Receivership Entities, including via the sale of real property Assets, the recovery of funds from Entity bank accounts, and the turnover of funds from third parties. Of the approximately $10.1 million that was recovered and collected, the Receiver distributed approximately $6.1 million to investors, approximately $200,000 *above* the base distribution amount approved by the Court.

The Court has approved the Receiver's and his professionals' fees and expenses in the total amount of $1,541,444.78, and authorized a reserve for fees and expenses in connection with the wind-down and termination of the instant receivership in the aggregate amount of $40,000.00. Of the fees and expenses that have been approved by the Court, the Receiver and his professionals have been paid

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1165446.09/LA

-2-

FINAL REPORT AND ACCOUNTING OF
RECEIVER, STEPHEN J. DONELL

1  $1,252,385.46.  While neither the remaining $289,059.32 (the so-called holdback)

2  nor the reserve have yet been paid, they have already been approved by the Court.

3       Having completed his most recent Court-approved distribution, the Receiver

4  presently holds approximately $368,014.97, in cash, for the administration and

5  benefit of the Receivership Entities.  Accordingly, and assuming the Court

6  authorizes the payment of all previously approved holdbacks, and the reserve, and

7  after some minimal operational expenses, the Receiver anticipates having a surplus,

8  after the payment of all fees, expenses, and costs, ranging between $30,000 and

9  $40,000, which funds he proposes to use to make an additional, supplemental

10  distribution on allowed claims.  This information, and more, is detailed in the

11  Receiver's final Standardized Fund Accounting Report (the "Final Accounting")

12  attached hereto as **Exhibit 1**.

13  **II.    RELEVANT PROCEDURAL BACKGROUND.**

14       The Receiver invites the Court and all interested parties to review his prior

15  interim, quarterly, and supplemental reports for a general summary of the relevant

16  facts underlying the above-captioned receivership case, and the activities of the

17  Receiver and the Receiver's Professionals.  Critically, since the submission of his

18  most recent Quarterly Status Report (ECF No. 237), the Receiver has petitioned for

19  and secured Court approval of a final distribution on allowed claims in the amount

20  of nearly $3 million (see, e.g., ECF Nos. 281, 299), and resolved the Plaintiff

21  Securities and Exchange Commission's outstanding claims against the Receivership

22  Entities, via stipulated Final Judgments entered by the Court on May 7, 2019 (see,

23  e.g., ECF No. 300).  Having completed his final distribution on allowed claims, and

24  approximately $368,000 remaining on-hand, before the payment of all Court-

25  approved administrative and professional fees and expenses, the Receiver

26  recommends that he be authorized to make a small, supplemental, *pro rata*

27  distribution on allowed claims and thereafter to terminate the instant receivership

28  and be discharged and released.

LAW OFFICES
**Allen Matkins Leck Gamble**
**Mallory & Natsis LLP**

1165446.09/LA                                              -3-

FINAL REPORT AND ACCOUNTING OF
RECEIVER, STEPHEN J. DONELL

III.     **SUMMARY OF PRIOR ACTIVITIES.**

As reflected in the Receiver's Initial through Sixth Quarterly Status Reports (ECF Nos. 20, 53, 69, 129, 150, 174, 216, 237), over the course of the receivership, the Receiver largely focused his efforts on the following key areas:

A.     **Document Review, Investigation, And Forensic Accounting.**

Over the course of the receivership, the Receiver sought and obtained relevant documents and other information relating to the business and financial activities of the Entities from a variety of sources, including the Entities, themselves, the Commission, third party entities including banks, escrow companies, and other financial institutions, and Mason Investments LLC ("Mason"), the subscription agent for the Entities.  All told, the Receiver and his forensic accountant obtained and reviewed hundreds of thousands of pages of documents and document equivalents, and – on the basis of that review – developed and submitted two detailed forensic accounting reports, which reports confirmed that funds derived from investors were misappropriated, diverted, or misused in a manner that undermined the investors' EB-5 program immigration goals.

Among other things, the Receiver's forensic accounting reports documented substantial commingling of putatively separate investor funds, use of investor funds to purchase an off-book, speculative real property investment, the payment of commissions (including to Mason) from investor funds, and the diversion of investor funds for the benefit of Defendant Yang's medical practice, or to resolve certain of his personal financial obligations.  Ultimately, the results of the forensic accounting were instrumental in the Receiver's recovery of certain Receivership Assets, including funds derived from investors that had been diverted from their intended purpose, including in connection with a speculative, undisclosed investment, and certain transactions benefitting Relief Defendant Yanrob's Medical, Inc. ("Yanrob") which administers Defendant Yang's medical practice.

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

1165446.09/LA                -4-

FINAL REPORT AND ACCOUNTING OF
RECEIVER, STEPHEN J. DONELL

**B.      Asset Administration And Recovery.**

The principal assets of the Receivership Entities were real properties, apparently intended by the Defendants to be developed as sub-acute nursing facilities.  Other assets included speculative real estate investments unrelated, or indirectly related, to the Entities' expressed investment purpose.  As reflected in the Receiver's prior Quarterly Status Reports, the Receiver expended significant time and effort in developing valuations for each of the Entities' real property Assets, and – where those Assets were determined to be of no value to the Estate – in securing Court approval of the Receiver's proposed disposition of those Assets, including via abandonment to foreclosure.  Ultimately, the Receiver successfully sold the Entities' valuable real property Assets and, when paired with funds recovered from other sources, including funds turned over from banks[1], Yanrob, and Mason, collected over $10 million for the benefit and administration of the Estate, inclusive of recoveries and income and interest thereon, and for its investors and creditors.[2]

**C.      Claims Development, Processing, And Distribution.**

Having completed all appropriate accounting and analysis, and having recovered significant Assets for the benefit of the Estate, the Receiver developed and secured Court approval of a claims process whereby investors in and creditors of the Receivership Entities could submit claims for repayment, based on their net losses, as measured by the difference between their aggregate monetary contributions to and payments from the Receivership Entities.  Once all claims processing was concluded, the Receiver also secured Court approval of his recommended treatment of claims, along with an initial distribution of $3.1 million

---

[1]  Most recently, in August 2019, Bank of America turned over to the Receiver approximately $113,000 in funds frozen pursuant to the Appointment Order, from accounts held in the name of the Receivership Entities HealthPro Capital Partners, LLC and Suncor Care, Inc.

[2]  As reflected in prior submissions, of this amount, $1.6 million was remitted to a single, secured creditor, Celtic Bank Corporation.  More than another $6 million has already been distributed to investors with allowed claims.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1165446.09/LA

-5-

FINAL REPORT AND ACCOUNTING OF
RECEIVER, STEPHEN J. DONELL

1   on allowed claims, not including another $1.6 million distributed to a single, secured

2   creditor, Celtic Bank Corporation ("Celtic Bank").  (See, e.g., ECF Nos. 206, 222.)

3   More recently, the Receiver obtained Court approval of his proposed second and

4   final distribution amount, in excess of $2.9 million (see ECF No. 299), which

5   distribution has since been completed[3], as described in further detail below.  In all,

6   as of the date of this Final Report, the Receiver has made more than $6.1 million in

7   distributions to investors, along with another $1.6 million payment to Celtic Bank.

8          **D.      Ordinary Estate Administration And Operations.**

9          Finally, the Receiver attended to the ordinary administration of the Estate,

10   including, most importantly, administering Estate Assets, including real property

11   Assets, pending their disposition, attending to a non-trivial number of pre-

12   receivership litigation matters, regularly conferring with investors, the Commission,

13   and other interested parties regarding the status of the receivership, and preparing

14   and submitting appropriate tax filings on behalf of the Entities.

15                  1.      Pending Federal and State Court Litigation.

16          At the time Court initially appointed a receiver in this matter, the

17   Receivership Entities were already in six (6) separate actions  brought by investors

18   in an attempt to recover funds invested.  Since the appointment, the Receiver has

19   endeavored to protect the Estate from diminution by participating, in a limited

20   matters, in these actions, principally be providing notice of the pendency of the

21   receivership and the imposition of the Appointment Order's litigation stay, and by

22   periodically appearing in these actions to provide or file requested status reports and

23   updates to the presiding judges and interested parties.  While an handful of these

24   matters remain pending, the claims of the investor plaintiffs in these matters against

---

[3]   Based on the total funds recovered, the Receiver was able to increase his final
distribution from the approximately $2.9 million base amount approved by the
Court to $3,105,324.06, meaning that distributions to-date have already exceeded
the Receiver's initial estimates by approximately $200,000, not including the
supplemental distribution proposed here.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1165446.09/LA                                              -6-

FINAL REPORT AND ACCOUNTING OF
RECEIVER, STEPHEN J. DONELL

1  the Entities are expected to have been addressed via the Claims Motion, Claims

2  Treatment Motion, and the Receiver's distributions on allowed claims.

3        2.    Investor Communications.

4        Since the inception of the receivership, the Receiver has provided information

5  and regular updates to investors and other interested parties via the receivership

6  website, totalwealthreceiver.com, as well as in-person, via telephone, and through

7  counsel.  The Receiver and his staff and professionals routinely communicated

8  directly with investors, or investor representatives, to apprise them of or address

9  material developments in the receivership case, including with respect to the status

10  of pending litigation, Receivership Asset recovery efforts, claims, and distributions.

11        3.    Preparation and Submission of Necessary Tax Documents.

12        The Receivership Entities have certain tax obligations, including the

13  preparation and submission of appropriate federal and state tax returns, as well as

14  the preparation and distribution of quarterly (K-1) statements to investors.  Over the

15  course of the receivership, the Receiver has attended and continues to attend to these

16  obligations, submitting necessary returns and providing necessary information to

17  investors.

18  **IV.    SUMMARY OF RECENT ACTIVITIES.**

19        Since the submission of the Receiver's most recent Interim Reports, his

20  activities and efforts have principally concentrated on the following topics:

21        **A.    Final Distribution Plan Approval And Completion Of**

22              **Distributions.**

23        In mid-April 2019, the Receiver developed and sought this Court's approval

24  of his proposed final distribution of Receivership Assets (see ECF No. 281, *et seq.*).

25  Specifically, he proposed that, from the approximately $3.25 million remaining on-

26  hand, he be authorized to set aside a total of approximately $329,000 to cover

27  accrued and administrative fees and expenses, and thereafter make a final

28  distribution to all holders of allowed claims, on a *pro rata* basis, consistent with this

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1165446.09/LA                    -7-

FINAL REPORT AND ACCOUNTING OF
RECEIVER, STEPHEN J. DONELL

Court's prior orders.  The Receiver's proposed final distribution plan contemplated the Receivership Entities' retention and distribution of approximately $177,000 in funds turned over from or frozen in bank accounts maintained by Yanrob and, as a consequence, was opposed by Yanrob, as well as Defendants Yang and Kano (see ECF No. 293).  Ultimately, the Court rejected the basis for Defendants' opposition, and approved the Receiver's final distribution plan (see ECF No. 299).

The Receiver has since completed the final, aggregate distribution of just over $3.1 million on allowed claims.  In all, the Receiver has distributed in excess of $6.1 million on allowed claims, or more than $7.7 million, including the funds paid over to secured creditor Celtic Bank.  As further detailed in the Receiver's concurrently submitted Motion for Order:  (1) Approving Final Report and Accounting; (2) Authorizing Payment of Final Fee Applications of Receiver and Professionals; (3) Authorizing Submission of Appropriate Tax Returns; (4) Authorizing Return, Abandonment, or Destruction of Documents, After Resolution of Appeal; (5) Authorizing Supplemental Distribution; and (6) Closing Receivership Case and Discharging and Releasing Receiver (the "Motion to Terminate Receivership"), after the anticipated payment of all Court-approved professional fees and expenses and any remaining operations expenses, the Receiver expects to hold a surplus in the aggregate amount of approximately $30,000 to $40,000, which surplus he recommends be distributed to holders of allowed claims, on a *pro rata* basis, in the form of a supplemental distribution.

**B.  Resolution Of The Commission's Claims Against The Receivership Entities.**

In May 2019, and on behalf of the Receivership Entities, the Receiver entered into a Consent with the Commission, pursuant to which the Entities resolved the claims alleged against them by the Commission, and which resulted in the entry of a Final Judgment against the Entities (see ECF Nos. 284-1, 300).  By its terms, the Final Judgment shall be deemed satisfied by the completion of the Receiver's final

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1165446.09/LA

-8-

FINAL REPORT AND ACCOUNTING OF
RECEIVER, STEPHEN J. DONELL

1  distribution (now completed, as discussed above), and by this Court's approval of

2  the instant Final Report (see ECF No. 300).  The Receiver respectfully requests that,

3  having completed his final distribution in accordance with the Court's instructions,

4  and having submitted the instant Final Report, the Court deem the Final Judgment

5  satisfied.

6        **C.    Preparation Of Final Accounting Summary.**

7        The Receiver has completed an extensive review of his accounting records,

8  and prepared the Final Accounting (again, attached hereto as **Exhibit 1**) which

9  details the balance of funds available to the receivership estate at this time.

10       By way of short summary, and as reflected in the Receiver's prior submissions

11 to the Court, the Receiver recovered a total of more than $10.1 million for the

12 benefit and administration of the Receivership Entities, incurred approximately

13 $1.5 million in administrative and professional fees and expenses over the course of

14 the receivership (all of which were approved by this Court, and inclusive of fees

15 approved to wind-down the present receivership), along with approximately

16 $600,000 in operations costs, and made distributions to Receivership Entity

17 creditors, including investors and a secured creditor, in excess of $7.7 million.  The

18 Receiver respectfully submits that, in accordance with applicable Ninth Circuit

19 precedent, his administration of the Estate has been appropriate and, indeed,

20 successful, resulting in significant recoveries for stakeholders while ensuring that

21 administrative and professional fees remained below the 25% benchmark for

22 presumptive reasonableness in this Circuit.  See, e.g., Powers v. Eichen, 229 F.3d

23 1249, 1256 (9th Cir. 2000); In re Coordinated Pretrial Proceedings in Petroleum

24 Prods. Antitrust Litig., 109 F.3d 602, 609 (9th Cir. 1997).

25       As of the date of this Final Report, the Receiver has completed all of the

26 distributions approved by the Court and most of the remaining funds he presently

27 holds are earmarked for accrued and remaining fees and expenses, in accordance

28 with the Court's orders, save the additional balance that he proposes to use to make a

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1165446.09/LA                                        -9-

FINAL REPORT AND ACCOUNTING OF
RECEIVER, STEPHEN J. DONELL

supplemental distribution on allowed investor claims.  As reflected in the Receiver's concurrently submitted Motion to Terminate Receivership, the Receiver proposes that, after the payment of all outstanding fees and expenses, whatever funds remain on-hand, if any, be distributed on a *pro-rata* basis, to holders of allowed claims, in the form of a supplemental distribution, with any surplus thereafter remitted to the Commission.

## V.   FURTHER RECEIVERSHIP ADMINISTRATION.

As noted above, the Receiver has completed his sale of all saleable Assets, completed all initially contemplated, Court-approved distributions, including in satisfaction of the Celtic Bank claim, and resolved the Commission's claims against the Receivership Entities.  His successful recovery of funds for the administration and benefit of the Receivership Entities is further expected to result in a surplus of approximately $30,000 to $40,000, after the payment of all Court-approved administrative and professional fees and expenses, along with any outstanding ordinary operations expenses, which surplus he recommends be used to make a supplemental, *pro rata* distribution on allowed claims.

The Receiver respectfully submits that he has satisfied the goals of the instant receivership, and that, upon the completion of his recommended supplemental distribution, there will remain no receivership tasks to complete, save winding down and terminating the receivership.  Accordingly, and as reflected in his concurrently submitted Motion to Terminate Receivership, the Receiver recommends that this Court approve and accept this Final Report, including the attached Final Accounting, authorize the Receiver to make the recommended supplemental distribution, permit the Receiver to undertake the tasks necessary to wind-down and the receivership, and thereafter terminate the receivership and discharge and release the Receiver.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1165446.09/LA

-10-

FINAL REPORT AND ACCOUNTING OF
RECEIVER, STEPHEN J. DONELL

# VI.   CONCLUSION AND PETITION FOR FURTHER INSTRUCTIONS.

Based on the information presented above, the Receiver respectfully requests that this Court enter an order accepting the instant Final Report, including the appended Final Accounting, and approving the efforts and actions undertaken by the Receiver since his appointment in connection with his administration of the Receivership Entities and their Estate.

Dated:  November 14, 2019

ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
DAVID R. ZARO
JOSHUA A. DEL CASTILLO
NORMAN M. ASPIS

By: _____/s/     Joshua A. del Castillo_____
JOSHUA A. DEL CASTILLO
Attorneys for Receiver
STEPHEN J. DONELL

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

1165446.09/LA

-11-

FINAL REPORT AND ACCOUNTING OF
RECEIVER, STEPHEN J. DONELL

1

## <u>VERIFICATION</u>

2      I have read the foregoing FINAL REPORT AND ACCOUNTING OF

3  RECEIVER, STEPHEN J. DONELL, and know its contents.

4      I am the Receiver appointed in the above-entitled action.  I believe the matters

5  stated in the foregoing document are true, to the best of my current knowledge.

6      Executed on November 5, 2019, at Los Angeles, California.

7

8

9

Stephen J. Donell, Receiver

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

1165446.09/LA

-12-

FINAL REPORT AND ACCOUNTING OF
RECEIVER, STEPHEN J. DONELL

**Standardized Fund Accounting Report for Suncor Receivership Estate- Cash Basis**
**Receivership; Civil Court Docket No. 5:15-cv-02387-SVW (KKx)**
**Reporting Period 10/1/16-8/31/19**

| Fund Accounting: | Dec-16 | Dec-17 | Dec-18 | Aug-19 | *Cumulative* | |
|---|---|---|---|---|---|---|
| | Detail | Detail | Detail | Detail | *Subtotal* | *Grand Total* |
| Beginning Balance: | | | | | | |
| **Increases in Fund Balance:** | | | | | | |
| Business Income | 581,417.68 | 3,291.71 | - | - | 584,709.39 | |
| Cash and Securities | - | - | | | - | |
| Interest/Dividend Income | 4,017.64 | 12,310.85 | 31,787.92 | 19,136.12 | 67,252.53 | |
| Business Asset Liquidation | 2,220,210.26 | 1,540,167.16 | 809,311.51 | 113,282.41 | 4,682,971.34 | |
| Personal Asset Liquidation | - | - | | | - | |
| Third-Party Litigation Income | 21,550.16 | 2,772,480.88 | - | 20,468.03 | 2,814,499.07 | |
| Miscellaneous- Funds Turned Over | 2,007,255.00 | - | | | 2,007,255.00 | |
| Total Funds Balance: | 4,834,450.74 | 4,328,250.60 | 841,099.43 | 152,886.56 | 10,156,687.33 | 10,156,687.33 |
| **Decreases in Fund Balance:** | | | | | | |
| Disbursements to Investors | - | - | 3,024,421.40 | 3,106,024.06 | 6,130,445.46 | 6,130,445.46 |
| Disbursements for Receivership Operations | | | | | | |
| *Disbursements to Receiver or Other Professionals* | 761,807.36 | 209,149.97 | 117,190.93 | 365,818.54 | 1,454,066.80 | |
| *Business Asset Expenses* | 442,435.50 | 154,051.10 | (5,708.57) | - | 590,778.03 | |
| *Personal Asset Expenses* | 9,265.83 | - | | - | 9,265.83 | |
| *Investment Expenses* | 950.00 | 1,474.00 | 1,531.51 | 160.73 | 4,116.24 | |
| *Third-Party Litigation Expenses* | - | - | - | - | - | |
| 1. Attorney Fees | - | - | - | - | - | |
| 2. Litigation Expenses | - | 1,600,000.00 | - | - | 1,600,000.00 | |
| *Total Third-Party Litigation Expenses* | - | 1,600,000.00 | - | - | 1,600,000.00 | |
| *Tax Administrator Fees and Bonds* | | | - | | - | |
| *Federal and State Tax Payments* | | | | - | - | |
| Total Disbursements for Receivership Operations | 1,214,458.69 | 1,964,775.07 | 113,013.87 | 365,979.27 | 3,658,226.90 | 3,658,226.90 |
| Disbursements for Distribution Expenses Paid by the Fund: | | | | | | |
| *Distribution Plan Development Expenses:* | | | | | | |
| 1. Fees: | | | | | | |
| Fund Administrator................................................ | | | | | - | - |
| Independent Distribution Consultant (IDC)............ | | | | | - | - |
| Distribution Agent................................................. | | | | | - | - |
| Consultants............................................................ | | | | | - | - |
| Legal Advisers...................................................... | | | | | - | - |
| Tax Advisers......................................................... | | | | | - | - |
| 2. Administrative Expenses | | | | | - | - |
| 3. Miscellaneous | | | | | - | - |
| *Total Plan Development Expenses* | 0 | 0 | 0 | 0 | - | - |
| *Distribution Plan Implementation Expenses:* | | | | | | |
| 1. Fees: | | | | | | |
| Fund Administrator................................................ | | | | | - | - |
| Independent Distribution Consultant (IDC)............ | | | | | - | - |
| Distribution Agent................................................. | | | | | - | - |
| Consultants............................................................ | | | | | - | - |
| Legal Advisers...................................................... | | | | | - | - |
| Tax Advisers......................................................... | | | | | - | - |
| 2. Administrative Expenses | | | | | - | - |
| 3. Investor Identification: | | | | | | |
| Notice/Publishing Approved Plan............................ | | | | | - | - |
| Claimant Identification........................................... | | | | | - | - |
| Claims Processing.................................................. | | | | | - | - |
| Web Site Maintenance/Call Center........................... | | | | | - | - |
| 4. Fund Administrator Bond | | | | | - | - |
| 5. Miscellaneous | | | | | - | - |
| 6. Federal Account for Investor Restitution | | | | | - | - |
| (FAIR) Reporting Expenses | | | | | | |
| *Total Plan Implementation Expenses* | - | - | - | - | - | |
| Total Disbursements for Distribution Expenses Paid by the Fund | | | | | | - |
| Disbursements to Court/Other: | | | | | | |
| *Investment Expenses/Court Registry Investment* | | | | | - | |
| *System (CRIS) Fees* | | | | | - | |
| *Federal Tax Payments* | | | | | - | |
| Total Disbursements to Court/Other: | | | | | | - |
| Total Funds Disbursed: | 1,214,458.69 | 1,964,775.07 | 3,137,435.27 | 3,472,003.33 | 9,788,672.36 | 9,788,672.36 |
| Ending Balance (As of 6/30/2019): | 3,619,992.05 | 5,983,467.58 | 3,687,131.74 | 2,664,350.81 | 368,014.97 | 368,014.97 |

Receiver:
By:_____
     (Signature)
Stephen J. Donell_____
     (Printed Name)

Date: _____

**Exhibit 1**
**Page 13**

1

## PROOF OF SERVICE

2

*Securities and Exchange Commission v. Robert Yang, Suncor Fontana, et al.*
USDC, Central District of California – Case No. 5:15-cv-02387-SVW (KKx)

3

4        I am employed in the County of Los Angeles, State of California.  I am over

5    the age of 18 and not a party to the within action.    My business address is
     865 S. Figueroa Street, Suite 2800, Los Angeles, California 90017-2543.

6        A true and correct copy of the foregoing document(s) described below will be

7    served in the manner indicated below:

8                        **FINAL REPORT AND ACCOUNTING OF**
                         **RECEIVER, STEPHEN J. DONELL**

9

10   1.    **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC
           FILING ("NEF")** – the above-described document will be served by the Court

11   via NEF.  On **November 14, 2019**, I reviewed the CM/ECF Mailing Info For

12   A Case for this case and determined that the following person(s) are on the
     Electronic Mail Notice List to receive NEF transmission at the email

13   address(es) indicated below:

14   •   **Zachary T. Carlyle**
         carlylez@sec.gov,kasperg@sec.gov,karpeli@sec.gov,

15       blomgrene@sec.gov,NesvigN@sec.gov

16   •   **Eric David Dean**
         edean@fyklaw.com,cyoung@fyklaw.com

17
     •   **Stephen J. Donell**
18       jdelcastillo@allenmatkins.com

19   •   **Leslie J. Hughes**
         hughesLJ@sec.gov,kasperg@sec.gov,nesvign@sec.gov

20
     •   **Stephen Gerard Larson**
21       slarson@larsonobrienlaw.com,ygutierrez@larsonobrienlaw.com,nmorales
         @larsonobrienlaw.com

22
     •   **Amy J Longo**
23       longoa@sec.gov,LAROFiling@sec.gov,kassabguir@sec.gov,irwinma@s

24       ec.gov

25   •   **Michael J. Roessner**
         roessnerm@sec.gov,nguei@sec.gov,smithan@sec.gov

26   •   **Donald W Searles**
27       searlesd@sec.gov,millerdou@sec.gov,
         LAROFiling@sec.gov,longoa@sec.gov, irwinma@sec.gov

28

1032549.97/LA

- 1 -

- **Joshua Andrew del Castillo**
  jdelcastillo@allenmatkins.com,mdiaz@allenmatkins.com
- **David R Zaro**
  dzaro@allenmatkins.com,mdiaz@allenmatkins.com
- **Melissa Katherine Zonne**
  mzonne@allenmatkins.com,mlyons@allenmatkins.com

2.  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL (indicate method for each person or entity served)**: On **November 14, 2019** , I served the following person(s) and/or entity(ies) in this case by placing a true and correct copy thereof in a sealed envelope(s) addressed as indicated below.  I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it is deposited with the U.S. postal service on that same day in the ordinary course of business.  I am aware that on motion for party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 (one) day after date of deposit for mailing in affidavit.  Or, I deposited in a box or other facility regularly maintained by FedEx, or delivered to a courier or driver authorized by said express service carrier to receive documents, a true copy of the foregoing document(s) in sealed envelopes or packages designated by the express service carrier, addressed as indicated above on the above-mentioned date, with fees for overnight delivery paid or provided for.

Franchise Tax Board (FTB)                    **Via U.S. Mail**
P.O. Box 2952
Sacramento, CA  95812-2952

Internal Revenue Service                      **Via U.S. Mail**
880 Front Street
San Diego, CA  92101-8869

I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on **November 14, 2019** at Los Angeles, California.

*/s/ Martha Diaz*

Martha Diaz